600 So.2d 89 (1992)
COMET INDUSTRIES, INC., Plaintiff-Appellant,
v.
Linda COLVIN and Golden Railways Supply, Inc., Defendants-Appellees.
No. 23591-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
Wilkinson, Carmody, Gilliam & Hussey by Arthur R. Carmody, Jr., Shreveport, for plaintiff-appellant.
Goodman, Collinsworth & Fox by Robert U. Goodman, Shreveport, for defendants-appellees.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
Comet Industries, Inc. ("Comet"), seeking to enforce a noncompete agreement, appeals the denial of preliminary injunctive relief. Finding that the trial court correctly decided the issue, we affirm.

FACTS
Linda Colvin ("Linda") obtained a position with Comet on September 24, 1990. Within the next few days, she executed a contract of employment that, among other provisions, enunciated certain restrictions about working with competitors of her employer. The pertinent paragraphs stated:
7. Employee agrees that during the term of this Agreement and for a period of two (2) years thereafter, Employee shall not, anywhere within the continental United States, directly or indirectly, individually or in concert with others, or through the medium of a corporation, partnership, association, joint venture or otherwise, whether as an employee, owner, partner, representative, consultant or in any other capacity, engage in any business or represent any other company or business which supplies products or services which are similar to or are competitive with those provided at any time during the term of this Agreement by Employer.
8. Notwithstanding anything to the contrary contained herein, if, and only if, a provision of the type contained in this paragraph 8 is enforceable in the jurisdiction in question, then if any one or more of the provisions contained in paragraph 7 of this Agreement shall for any reason be held to be excessively broad as to time, duration, geographical scope, activity or subject, said provision shall be *90 construed, by limiting and reducing it, so as to be enforceable to the extent compatible with the applicable law as it shall then exist.
Another numbered clause indicated that the law of Delaware would govern the contract; however, both parties now acknowledge that Louisiana law controls.
After working in various sales capacities, Linda resigned from the corporation on March 25, 1991. When Golden Railroad Supply, Inc., a competitor of Comet, employed her services the next day, appellant hastily sought injunctive assistance. An order, dated April 8, 1991, temporarily restrained competitive acts by Linda within a certain 24-parish area, and the use of particular confidential information by her new employer, also named as a defendant.[1]
At a hearing on May 9, 1991, concerning a preliminary injunction against the two defendants, the district judge granted a "directed verdict" in favor of Golden Railroad at the conclusion of plaintiff's case-in-chief. Later, a written opinion filed on May 31, 1991, noted that LSA-R.S. 23:921, even after recent amendments, continues to require specific territorial limitations within noncompetition contracts. Thus, the court found the present agreement, encompassing the entire United States, to be overbroad and unenforceable. As to whether the savings clause, Paragraph 8, could revise and validate the agreement, the decision indicated that such an approach would be contrary to public policy.
A signed judgment appeared of record on May 31, denying the issuance of a preliminary injunction and dissolving the TRO against Golden Railroad. Subsequently, on June 17, the trial court signed a similar adjudication with respect to Linda. Three days later, plaintiff lodged an appeal of the latter judgment.[2] Both Golden and Linda answered and requested damages for frivolous appeal.
These precise issues, concerning another former employee of appellant and the same above-quoted contractual language, are addressed in Comet Industries, Inc. v. Gary Wade Lawrence, 600 So.2d 85 (La.App. 2d Cir.1992), rendered this date. For the identical reasons assigned therein, the decision of the district court is affirmed in the present case. Costs are assessed to appellant.
AFFIRMED.
NOTES
[1] Plaintiff's petition listed "Golden Railway Supply, Inc." as one defendant, and references to that name even appear in some of the pleadings filed by its own attorney. Nonetheless, other documents of record convincingly reflect the corporate identity to be Golden Railroad Supply, Inc.
[2] The record indicates that the June 20 request and order of appeal pertains only to the June 17 judgment. Furthermore, it is questionable whether, on June 20, the date of the appeal motion, plaintiff still could have timely appealed the earlier determination dissolving the TRO and denying the preliminary injunction as to Golden Railroad.