**Larry UPCHURCH, Plaintiff,**

v.

**USTNET, INC., a Louisiana corporation, Defendant.**

Civ. No. 93–874–FR.

United States District Court, D. Oregon.

Oct. 4, 1993.

Kevin M. Myles, Myles & Myles, Portland, OR, for plaintiff.

Mark R. Lindley, Richard A. Mario, Buckley, Montgomery, LeChevallier & Lindley, Lake Oswego, OR, for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of plaintiff, Larry Upchurch, to dismiss the answer, affirmative defenses, and counterclaims of defendant, USTNet, Inc. (USTNet) (# 5).

## BACKGROUND

Larry Upchurch filed a complaint against USTNet in the Circuit Court of the State of Oregon for the County of Multnomah. In his complaint, Upchurch alleges three claims: (1) breach of employment agreement; (2) unenforceability of covenant not to compete; and (3) tortious interference with prospective advantage. USTNet removed the suit filed by Upchurch to federal court.

In its answer, USTNet alleges affirmative defenses as follows: (1) Upchurch has failed to state a claim upon which relief can be granted; (2) Upchurch, by accepting payment for his work under the employment agreement, has waived his right to maintain an action against USTNet on the employment agreement; (3) Upchurch has improperly pled conclusions of law in paragraph 14 of his complaint, which should be stricken; (4) Upchurch should be equitably estopped on the merits because he has unclean hands; (5) Upchurch should be estopped from alleging any conditions, rights or obligations not contained within the employment agreement; and (6) Upchurch's claims are barred by the statute of frauds.

In its answer, USTNet alleges several counterclaims based on theories of breach of contract, breach of fiduciary duty, conversion, tortious interference with contract and prospective advantage, and unfair competition. USTNet requests that the court impose a constructive trust on the disputed property in Upchurch's possession. USTNet also requests a judicial declaration that provisions contained in the employment agreement relating to confidential information and the covenant not to compete are valid and remain in effect.

In its prayer for relief, USTNet requests attorney fees on all claims, money damages, and the equitable relief outlined above.

## STANDARD OF REVIEW

■ A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987).

## CONTENTIONS OF THE PARTIES

Upchurch contends that USTNet has no legal grounds for requesting attorney fees as damages in its first, second, third and fifth counterclaims. Upchurch also contends that USTNet's first counterclaim should be dismissed because it is based on a covenant not to compete which is null and void. Upchurch also requests sanctions under Fed.R.Civ.P. 11 and O.R.S. 20.105(1) contending that USTNet's first counterclaim is frivolous. USTNet contends that the covenant not to compete is enforceable under the laws of the State of Louisiana.

## ANALYSIS

1. *Attorney Fees*

USTNet has agreed to strike from its answer paragraphs 39, 45, 55 and 70, which relate to attorney fees. The issue as to attorney fees alleged in the answer is therefore deemed moot.

2. *Validity of the Covenant not to Compete*

The parties agree that the laws of the State of Louisiana govern with respect to the covenant not to compete. La.Rev.Stat. § 23:921 provides:

A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.

. . . .

C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

La.Rev.Stat. § 23:921(C) requires that (1) the employee must agree to the provision; (2) the agreement must be limited to specified parishes or municipalities where the employer carries on like business; and (3) the agreement must be limited to no more than two years.

■ The employment agreement entered into by the parties contains the following covenant not to compete in section 9(d):

Employee hereby agrees that:

(i) during the Term of Employment and for six (6) months thereafter he will not, in association with or as an officer, principal, member, advisor, agent, partner, director, stockholder, employee or consultant of any corporation or other enterprise, entity or association, (A) compete with Employer in any state of the United States of America in which the Employer, or any Network Affiliate of Employer, has done business during the Term of Employment or in any of the forty-five (45) parishes in the State of Louisiana set forth in Exhibit "A" annexed hereto and made a part hereof; or (B) engage in any enterprise or business that is involved with testing or monitoring of tanks, other than in the employ of Company.

Upchurch argues that the covenant not to compete, by including states other than the State of Louisiana, does not satisfy the second requirement of La.Rev.Stat. § 23:921 because the covenant not to compete is not limited exclusively to a specified parish or parishes in the State of Louisiana. USTNet argues that while the statute requires that the agreement specify each individual parish within the State of Louisiana in which it does business, the statute does not address geographical limits outside of the State of Louisiana.

Upchurch cites *Comet Indus. v. Lawrence,* 600 So.2d 85 (La.App.1992), and *Comet Indus. v. Colvin,* 600 So.2d 89 (La.App.1992), in support of its contentions. In *Lawrence,* the Louisiana Court of Appeal held that an agreement which prohibited an employee from competing against an employer "anywhere within the continental United States" was unenforceable because it failed to specify the parishes, or municipalities within the State of Louisiana in which the employer was doing business. *Id.* at 87. Likewise, in *Colvin,* the companion case to *Lawrence* involving the same employer, the court came to the same conclusion. In *Daiquiri's III on Bourbon, Ltd. v. Wandfluh,* 608 So.2d 222 (La. App.1992), *writ denied,* 610 So.2d 801 (La. App.1993), the same court concluded that a covenant not to compete with no geographic limitation at all was void under La.Rev.Stat. § 23:921. Unlike these three cases, the covenant not to compete before the court specifies the parishes in which the employer does business in the State of Louisiana. Nothing in these cases supports the contention of Upchurch that the specificity requirement of the State of Louisiana should be applicable to restrictions in states other than the State of Louisiana.

■ The Louisiana courts have never decided the issue of whether a covenant not to compete is valid under La.Rev.Stat. § 23:921 where the covenant specifies not only the Louisiana parishes, but also other geographic areas. This court will not impute to the Louisiana statute an intent on the part of the Louisiana legislature to regulate employment outside the State of Louisiana. The State of Louisiana has no interest in protecting employees located in other states from covenants not to compete. La.Rev.Stat. § 23.921 only applies when covenants not to compete are enforced in the State of Louisiana. If the covenant specifies the parishes in which it will operate, is limited to a period under two years, is limited to territories in which the employer carries on like business, and

the employee agrees to it, it is enforceable under the laws of the State of Louisiana. Each of these elements are present in this covenant. Nothing in the statute indicates that, once these conditions are satisfied, the employee cannot agree to additional restrictions concerning behavior to occur in another state. Therefore, in the absence of state law to the contrary, the covenant is valid under the laws of the State of Louisiana and can be enforced in the State of Louisiana. The question of whether the covenant is enforceable in another state must be governed by the laws of the state where enforcement is sought.

3. *Sanctions Under Fed.R.Civ.P. 11 and O.R.S. 20.105(1)*

Upchurch contends that sanctions against USTNet are appropriate because USTNet's counterclaim for enforcement of the covenant not to compete has no basis in fact. For the reasons outlined above, the covenant not to compete is valid under the laws of the State of Louisiana. Sanctions are not appropriate.

### CONCLUSION

The motion of Upchurch to dismiss the answer, affirmative defenses, and counterclaims of USTNet (# 5) is denied.