The **BUCKEYE GARMENT RENTAL CO.**

v.

Arthur **JONES**, Jr.

Civ. A. No. 67–1216.

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 1, 1967.

---

Daniel Lund, of Montgomery, Barnett, Brown & Read, New Orleans, La., for plaintiff.

Charles Jacques, Jr., New Orleans, La., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

RUBIN, Judge.

Pursuant to the stipulation of the parties, the hearing on the action on the merits for a permanent injunction was consolidated with the hearing on the application for a preliminary injunction, pretermitting only the issue of damages to which plaintiff may be entitled. Plaintiff and defendant have rested their respective cases, and having furnished the Court with authorities in support of their respective positions, submitted the matter for adjudication.

The Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The Buckeye Garment Rental Co., plaintiff herein, is an Ohio corporation, with its principal place of business in Cleveland, Ohio, and does business in the City of New Orleans, Louisiana, under the name of Rental Uniform Service.

2. Arthur Jones, Jr., defendant herein, is a resident and citizen of the Parish of Orleans, State of Louisiana.

3. On July 15, 1964, an employment contract was executed by Arthur Jones, Jr. and The Buckeye Garment Rental Co., which employment contract contains the following provisions:

"4. Employee agrees that within a radius of one hundred (100) miles of each of the above listed cities in which the 'Company' has been engaged in the laundry business (as hereinafter defined) at any time within the twenty-four (24) months preceding the termination of his employment, he will not during the term of his agreement, or for one (1) year following voluntary or involuntary termination, directly or indirectly, engage in, or compete with, the Company in the laundry business defined as the renting, supplying or laundering of uniforms, work

clothes, coats, aprons, tablecloths, napkins, bed linens, shop towels, seat and fender covers, or other garments and linens used in commercial, professional, institutional or business establishments, or any other rental and laundry service supplied by the Company during the term of his employment, or impart to any competitor of the Company any information learned about the Company or its business during the course of the employment, including but not limited to names and addresses of customers, routes, methods of solicitation and servicing.

"5. Employee further agrees, in the same area, recited in paragraph 4, for one (1) year following voluntary or involuntary termination, not to call upon, solicit, divert, take away, deliver to, sell, service or otherwise deal with Company's customers served by the Company or any of its branches or affiliated companies at any time within twenty-four (24) months preceding the termination of his employment, with regard to their industrial laundry and linen requirements, as described and limited in paragraph 4, and will not assist or aid others to do so."

4. The language above quoted is applicable within a radius of one hundred (100) miles of the Cities of New Orleans, Louisiana, and Hattiesburg, Mississippi, pursuant to the preamble of the employment contract dated July 15, 1964.

5. The contract between plaintiff and defendant also contains the following severability provision:

"10. This agreement shall not fail, though any part or clause thereof shall be held indefinite, invalid or unenforceable."

6. On March 10, 1967, defendant Jones left the employment of plaintiff, The Buckeye Garment Rental Co.

7. Shortly thereafter, in the month of March, 1967, defendant Jones became employed with a direct competitor of The Buckeye Garment Rental Co. and was so employed on the date of the hearing.

8. In the course of his employment by The Buckeye Garment Rental Co., defendant Jones was a driver-salesman whose duties included carrying on customers' relations from day to day, including the servicing of plaintiff's garment rental accounts and the solicitation and sale of new business. Defendant had access to and obtained knowledge of plaintiff's business methods, pricing, routes, customers' names, and customers' needs. In the course of defendant's present employment, he carries out the duties of a salesman engaged in the solicitation of garment rental business for his present employer in direct competition with plaintiff.

9. In the course of defendant's present employment activities, defendant has wilfully solicited and obtained the garment rental business of customers of The Buckeye Garment Rental Co., knowing prior to the time of the solicitation and taking of the business that the customers were customers of plaintiff. Some of these were served by defendant while he was employed by plaintiff and others were customers of whom the defendant learned by reason of his former employment with plaintiff.

10. Defendant Jones, unless enjoined, will persist in soliciting such customers of plaintiff and will persist in taking the business of these customers for his present employer.

11. Defendant's activities are such that there is imminent danger to plaintiff that irreparable injury will occur unless an injunction is issued.

CONCLUSIONS OF LAW

1. There is diversity of citizenship between plaintiff and defendant, and the amount in controversy exceeds the sum of $10,000.00.

2. The provisions of paragraph 4 of the employment contract quoted in No. 3 of the findings of fact, with the exception of that portion prohibiting defendant from imparting " * * * to any competitor of the Company any information learned about the Company or its business during the course of the em-

ployment, including but not limited to names and addresses of customers, routes, methods of solicitation and servicing * * *", are prohibited by LSA–R.S. 23:921 unless the conditions of the proviso in the statute are met. Plaintiff does not seek to enforce the provisions of paragraph 4 of the employment contract with the exception of that portion of paragraph 4 quoted immediately above. The Court finds that paragraph 4 of the employment contract, with the exception of that portion noted here, is unenforceable in this proceeding.

3. The employment contract is severable by reason of the severability provision contained in the agreement and, therefore, paragraph 5 of the contract and that portion of paragraph 4 which prohibits defendant from imparting " * * * to any competitor of the Company any information learned about the Company or its business during the course of the employment, including but not limited to names and addresses of customers, routes, methods of solicitation and servicing * * *," are enforceable. Kelly Labor of New Orleans, Inc. v. Fortson, Civil Action No. 66–207, E.D. La., 1966.

4. Plaintiff is entitled to injunctive relief to enforce the provisions of the employment contract. Martin-Parry Corp. v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83 (1952); Standard Brands, Inc. v. Zumpe, 264 F.Supp. 254 (E.D.La.1967). Upon equitable considerations, the Court finds that the permanent injunction to issue herein shall be in the following form:

### "PERMANENT INJUNCTION

"Pursuant to the findings of fact and conclusions of law herein:

"IT IS ORDERED that defendant, Arthur Jones, Jr., and all persons in active concert and participation with him, be and they are hereby restrained and enjoined from imparting or divulging to any competitor of The Buckeye Garment Rental Co., doing business as Rental Uniform Service, any information learned about that company or its business, including confidential data, trade secrets, customer lists or names and address of customers, methods of solicitation, servicing and pricing techniques which became known to Arthur Jones, Jr. by reason of his employment with The Buckeye Garment Rental Co., doing business as Rental Uniform Service.

"Arthur Jones, Jr. and all persons in active concert and participation with him are further restrained and enjoined from knowingly calling upon or knowingly soliciting the garment-rental business of any customers of The Buckeye Garment Rental Co., doing business as Rental Uniform Service.

"Arthur Jones, Jr. and all persons in active concert and participation with him are further restrained and enjoined from diverting, taking away or dealing with any customers of The Buckeye Garment Rental Co., doing business as Rental Uniform Service, and delivering to, selling to or servicing such customers in connection with the renting, supplying of laundering of uniforms, work clothes, coats, aprons, tablecloths, napkins, bed linens, shop towels, seat and fender covers, or other garments used in commercial, professional, institutional or business establishments.

"This injunction shall apply within a radius of one hundred (100) miles of the Cities of New Orleans, Louisiana, and Hattiesburg, Mississippi, and shall be effective through and including March 9, 1968.

"For the purposes of this injunction a 'customer' is defined as any customer served by The Buckeye Garment Rental Co., doing business as Rental Uniform Service, at any time within twenty-four (24) months preceding March 10, 1967."

5. In accordance with the stipulation of the parties, the Court hereby orders that the issue of damages to which plaintiff may be entitled is reserved for future proceedings in due course.