600 So.2d 85 (1992)
COMET INDUSTRIES, INC., Plaintiff-Appellant,
v.
Gary Wade LAWRENCE and Steel Processing Services, Inc., Defendants-Appellees.
No. 23554-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*86 Wilkinson, Carmody, Gilliam & Hussey by Arthur R. Carmody, Jr., Shreveport, for plaintiff-appellant.
Smitherman, Lunn, Chastain & Hill by W. Lake Hearne, Goodman, Collingsworth & Fox by Robert U. Goodman, Nancy K. Fox, Shreveport, for defendants-appellees.
Before SEXTON, NORRIS and STEWART, JJ.
SEXTON, Judge.
Plaintiff-appellant Comet Industries, Inc. (Comet) appeals the district court's denial of its request for a preliminary injunction to prevent defendant-appellee Gary Wade Lawrence (Lawrence), one of Comet's former employees, from working for defendant-appellee Steel Processing Services, Inc. (Steel), one of Comet's competitors, and to prevent Steel from employing Lawrence. We affirm.
Lawrence had been employed by Comet in 1988 in its air brake facility. In 1990 he was transferred to industrial sales. After losing some sales personnel to the competition during 1990, Comet decided to require its key personnel and sales representatives to sign employment agreements which included an agreement by the employee not to "engage in any business or represent any other company or business which supplies products or services which are similar to or are competitive with those provided at any time" during the term of the agreement with the plaintiff. These agreements purported to apply across the entire continental United States.
In January 1991, Lawrence was given the agreement to sign in the course of his annual evaluation. When he specifically asked what alternative he had to signing the contract, he was advised that resignation was the only other option. On January 15, 1991, Lawrence signed the document.
As part of his annual evaluation, Lawrence received an increase in pay from $1500 per month to $1625 per month. He was a salaried employee who received no commissions for his sales.[1] Testimony at *87 the district court by Comet's supervisor indicates that the salary increase was not related to Lawrence's signing the agreement.
In March 1991, Lawrence was told that he was needed back in the air brake facility for six months and that he would be transferred out of sales, with no reduction in pay. Lawrence specifically asked whether he could refuse and was told that a refusal was the same as a resignation. Lawrence considered the matter overnight and agreed to be transferred, but asked to be able to use up his accumulated vacation prior to the transfer. Lawrence returned to Comet on April 1, 1991, and resigned his job. He went to work for Steel the same day.
On April 24, 1991, Comet filed suit against Lawrence and Steel, seeking to enjoin Lawrence from working for Steel and Steel from employing Lawrence in the 24-parish area in Louisiana where Comet carried on its business.[2] Additionally, Comet sought monetary damages from both defendants. Comet sought and was granted a temporary restraining order.
Following an adversarial hearing, the district court briefly took the matter under advisement and denied the preliminary injunction and dissolved the TRO. Plaintiff appeals the denial of injunctive relief. Both defendants have answered, seeking damages for frivolous appeal.
Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, shall be null and void, except as specifically provided for by law. LSA-R.S. 23:921 A.[3]
One of the specific exceptions is that any person who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer
within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
LSA-R.S. 23:921 C.
The agreement at issue purports to prohibit Lawrence from competing against Comet "anywhere within the continental United States...." Clearly, the instant non-competition provision is not enforceable as written because it fails to specify the "parish or parishes, municipality or municipalities, or parts thereof" wherein Comet carried on its business. Thus, the central question in this litigation is whether the "saving clause" contained in the document provides a means for enforcing the contract in the limited fashion sought by plaintiff.
Paragraph 8 of the employment agreement provides that if any of the provisions contained in paragraph 7, the non-competition paragraph, are "excessively broad" then it shall be limited and reduced to make it compatible with applicable law.
Plaintiff argues that in the event we conclude that the lack of territorial limitations renders the non-competition clause without effect, then Comet is entitled to revive that clause, by virtue of the saving clause, but only to the extent of those 24 parishes where it does business. We disagree. As the statute itself so plainly says, these contracts are against public policy, LSA-R.S. 23:921 A. They have historically been frowned upon in Louisiana. See Comment, Agreements Not to Compete, 33 La.L.Rev. 94 (1972). Indeed, the current law was only recently added by Louisiana *88 Act 639 of 1989. We thus conclude that a contract seeking to fit into an exception to this rule must strictly comply with the requirements contained in the statute. We therefore find the contract to be null and void and decline to reform it.
In reaching this result, we note a lack of jurisprudence interpreting the recent legislation. However, Taquino v. Teledyne Monarch Rubber Company, 893 F.2d 1488 (5th Cir.1990), provides support for our position. There, the federal court determined that under Louisiana law the non-competition agreement at issue there could not be enforced because of a lack of a territorial limitation.
In support of its argument that this saving clause remedies the lack of a geographical restriction, Comet cites A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224 (1945); Moorman & Givens v. Parkerson, 127 La. 835, 54 So. 47 (1911); Stroud v. Northwestern National Ins. Co., 360 So.2d 528 (La.App. 2d Cir.1978), writ denied, 362 So.2d 575 (La.1978); and Buckeye Garment Rental Co. v. Jones, 276 F.Supp. 560 (E.D.La.1967).
None of the cited cases provide any real support for plaintiff's argument. In Moorman & Givens, the Louisiana Supreme Court essentially inferred a geographical limitation from the context of the agreement. A. Sulka & Co. held that new legislation which contains a savings clause only maintains the status quo for those affected parties who are not covered by the new act. The insurance policy in Stroud contained a prescriptive period which was too restrictive, but the acceptable period could be easily ascertained by all by merely referring to a public document. And the severability clause in Buckeye Garment only saved what was discoverable within the four corners of the same contract.
The district court's dissolution of the temporary restraining order and refusal to grant Comet a preliminary injunction was correct. Comet's arguments to the contrary are without merit.
Both defendants have filed answers to Comet's appeal, seeking damages for frivolous appeal pursuant to LSA-C.C.P. Art. 2164. We note that appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Bellard v. Safeway Insurance Company, 442 So.2d 1314 (La.App. 3d Cir. 1983); Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1150 (La.1983). An appeal will only be deemed frivolous if it does not present a substantial legal question or if it is obvious either that it was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates. Johnson & Placke v. Norris, 571 So.2d 702 (La.App. 2d Cir.1990), writ denied, 573 So.2d 1142 (La.1991); In re Succession of Bradford, 550 So.2d 678 (La.App. 2d Cir.1989).
We are reminded by the jurisprudence that our focus in the question of whether an appeal is frivolous is to be directed to the nature of the appeal itself rather than to the actions of the appellant which gave rise to the lawsuit. It is manifest that damages for frivolous appeal will be awarded only when it is clear that the appeal is taken solely for delay or it is clear that counsel does not seriously believe in the position advanced. Guy v. Madison Parish School Board, 579 So.2d 1108 (La. App. 2d Cir.1991); Lowe v. Rivers, 465 So.2d 839 (La.App. 2d Cir.1985). Moreover, the position advanced on appeal must be so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that the position is deliberately proposed for ulterior purposes. Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965); Guy v. Madison Parish School Board, supra.
Given the changes in this area of the law within the last few years, when viewed in the context of a lack of jurisprudential interpretation of that recent legislation, we conclude that damages for frivolous appeal are inappropriate.
The judgment of the district court is affirmed, with all costs to be paid by plaintiff-appellant Comet Industries.
AFFIRMED.
NOTES
[1] Lawrence's supervisor, Clyde McQuillan, testified that Lawrence was responsible for approximately $4,000,000 in sales in 1990 and had sold approximately $1,000,000 in the first three months of 1991 before leaving Comet's employ.
[2] At trial, Comet's supervisor testified that Comet did business in the following parishes: Ascension, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, DeSoto, East Baton Rouge, Grant, Jefferson, Lafourche, Natchitoches, Orleans, Pointe Coupee, Rapides, Red River, Sabine, St. John, St. John the Baptist, Vernon, Webster, West Baton Rouge, and Winn.
[3] Preliminarily, we note that the employment agreement provides that it is subject to interpretation under Delaware law. However, all parties concede that Louisiana law should apply in the instant case.