634 So.2d 44 (1994)
ALLIED BRUCE TERMINIX COMPANIES, INC.
v.
Gil FERRIER.
No. 93 CA 0561.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Tracy K. Hidalgo, New Orleans, for plaintiff-appellant.
Alan Gregory Rome, Baton Rouge, for defendant-appellee.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Gil Ferrier (defendant) was a branch manager for Allied Bruce Terminix Companies, Inc. (plaintiff), a pest control service. Plaintiff and defendant entered into an agreement on August 24, 1990, which provided that if defendant left plaintiff's employment, he was prohibited from soliciting plaintiff's customers or competing with plaintiff in a twelve-parish area for two years from the date of *45 termination of employment. The agreement further provided that if legal action was brought to enforce the agreement, that period was "extended through two years following the date of the final court order, judgment or decree so enforcing or confirming Employer's rights...."
Defendant terminated employment with plaintiff on January 15, 1992. On January 27, 1992, he entered into a severance agreement with plaintiff acknowledging the noncompetition provision in his employment contract and agreeing to forfeit his severance pay if he breached that provision. Defendant then took a job with Louisiana Pest Control, a direct competitor of plaintiff.
Plaintiff sued defendant, alleging breach of the noncompetition and nonsolicitation agreements in the employment and severance contracts. Plaintiff sought damages, costs, attorney fees, and an injunction restraining defendant from competing with it or soliciting its customers. After a hearing, the trial court denied plaintiff's request that defendant be enjoined "for a period of two years from the date of any injunction issued by this Court" from working in the twelve-parish area set forth in the contract for Louisiana Pest Control Service or any competitor of plaintiff. Plaintiff appealed the denial of the preliminary injunction.[1] The damages portion of the suit has not been litigated and does not form a part of this appeal.
Prior to 1989, Louisiana Revised Statute 23:921 permitted noncompetition agreements only if the employer incurred significant or extensive expenditures in the training of the employee or the advertisement of the business. Orkin Exterminating Co. v. Foti, 302 So.2d 593 (La.1974). Noncompetition agreements which met this criteria were limited to a two-year period by the statute.
The noncompetition statute was rewritten in 1989. The new version expanded the use of noncompetition agreements by removing the expenditure requirement, but retained the two-year limitation. The statute now provides in pertinent part:
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
....
C. Any person ... who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
(Emphasis added.)
The two-year period following defendant's termination of employment with plaintiff ended January 15, 1994. Plaintiff seeks enforcement of the provision of its contract which would extend this period for two years from the date of a final judgment in its favor. However, such a provision in a noncompetition or nonsolicitation agreement is null and void under the clear language of Revised Statute 23:921, as that statute permits restriction of an employee's right to compete for two years from the date of termination of employment and no longer.[2]
Because the two-year period has passed, without making any determination of the validity of the employment or severance contracts, we dismiss this appeal at plaintiff's cost.
APPEAL DISMISSED.
NOTES
[1] The trial court signed an order of suspensive appeal, but there was nothing to suspend since it denied plaintiff's injunction.
[2] Plaintiff's remedy in face of its time constraints under Revised Statute 23:921(C) was to ask for an expedited appeal. This may have given plaintiff some minimal relief before the two-year period finally ran.