642 So.2d 83 (1994)
BJ OF LEESBURG, INC., Etc., Appellant,
v.
Peter COFFMAN, Appellee.
No. 93-2973.
District Court of Appeal of Florida, Fifth District.
September 2, 1994.
*84 Harry T. Hackney of Cummins, Mueller & Judson, P.A., Leesburg, for appellant.
No appearance for appellee.
PETERSON, Judge.
The appellant, BJ of Leesburg, Inc., appeals the denial of its motion for an order of contempt against the appellee, Peter Coffman, for violation of a breach of a non-compete agreement. We reverse.
Appellant sued appellee, a former employee, for injunctive relief contending that appellee breached their non-compete agreement by operating a dance studio within 35 miles of appellant's studio. The parties settled that suit by stipulating to a final judgment that enjoined appellee from engaging in the same business as appellant "within a ten (10) mile radius of [appellant's] present place of business."
Almost 18 months after the stipulated final judgment, appellant moved for the order of contempt that was denied by the trial court and which is the subject of this appeal. The order recited that appellee's business was within a ten mile radius of appellant's business but that the highway mileage distance between the two points was greater than ten miles. Evidently, transportation corridors would require one who traveled by auto between the two studios to travel a route longer than ten miles. In denying the motion for contempt, the trial court went beyond the stipulated judgment and ruled that the parties did not have a meeting of the minds when they entered the stipulation because the original trial transcript reflected a "discussion of highway mileage."
While there may have been a discussion of highway mileage while the parties were negotiating, the final agreement did not employ any language that would allow one to conclude that such a measure of distance was finally agreed upon. If the language employed in a judgment is plain and unambiguous, there is no room for construction or interpretation and the language must be given its literal meaning. Boynton v. Canal Authority, 311 So.2d 412, 415 (Fla. 1st DCA 1975). Here, the use of the term "radius" is plain and unambiguous, and has nothing to do with road mileage. Radius is a common method used in describing areas within which non-competing operations may not be conducted and is capable of being calculated with precision.
We quash the order denying the motion for order of contempt and remand for further proceedings consistent with this opinion.
REVERSED; REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.