666 So.2d 1227 (1996)
AMCOM OF LOUISIANA, INCORPORATED a/k/a KRMD AM/FM, Plaintiff-Appellee,
v.
Ken A. BATTSON a/k/a K.C. Daniels, Defendant-Appellant.
No. 28171-CA.
Court of Appeal of Louisiana, Second Circuit.
January 5, 1996.
Dissenting Opinion January 17, 1996.
Bodenheimer, Jones, Klotz & Simmons by David Klotz and F. John Reeks, Shreveport, for Appellant.
Barlow and Hardtner L.C. by Joseph L. Shea, Jr. and Jay A. Greenleaf, Shreveport, for Appellee.
Before MARVIN, HIGHTOWER, BROWN, WILLIAMS and CLARK, JJ.
Dissenting Opinion of Justice Hightower January 17, 1996.
MARVIN, Chief Judge.
In this action to enforce a non-competition agreement, Battson, a former employee of plaintiff's radio station appeals a judgment enjoining him from being employed by a competing radio station in the same city.
*1228 The trial court found the agreement geographically overbroad in violation of LRS 23:921 but reformed the contract by deleting or severing the language that the trial court found overbroad to reform the contract to comply with the statutory limitations. The defendant answers Battson's appeal, contending that the geographical language employed did not violate the statute and should be upheld by this court.
The appeal was reargued before a five-judge panel when one of the original three-judge panel dissented to a reversal of the trial court. LSA-Const. Art. 5, § 8. On reargument, we find the agreement is geographically overbroad and may not be reformed to comply with the statute by deleting or adding to the overbroad language.
We reverse and render judgment for the appellant-employee, rejecting the employer's demands at its costs.

DISCUSSION
Louisiana has consistently had a strong public policy against non-competition contracts prohibiting an employee from competing with a former employer. Orkin Exterminating Company v. Foti, 302 So.2d 593, 596 (La.1974); Cellular One, Inc. v. Boyd, 94-1783 (La.App. 1st Cir. 3/3/95), 653 So.2d 30, 32. See history of that policy before and after the legislature began to adopt and amend a statute, now LRS 23:921. 66 Tulane Law Review 551 (1991). The history in 66 Tul.L.R. 551 is summarized:
Before 1934 the question of enforcing a non-competition provision was left solely to the Louisiana courts which applied the test of reasonableness as to geographical area, duration, and the type of employment being restricted. Beginning with Act 133 of 1934 the legislature stated the public policy and general prohibition against a provision in an employment contract in which an employee agreed not to compete with his or her employer following the termination of employment.
In 1962 the legislature made two limited exceptions to the general prohibition against such employee-employer contracts: In situations where the employer incurred significant expenses either in training the employee or in advertising the employee's connection with the business. These exceptions to the general prohibition of non-competition provisions in employment contracts still had to meet the test of reasonableness.
In 1989 LRS 23:921 was "completely redrafted" and broadened to apply the "general prohibition [to] all noncompetition agreements [except in] ... four specific exceptions under which noncompetition agreements are enforceable."
After the 1989 redraft of § 921, "courts will no longer be justified in upholding noncompete agreements made outside the employment context merely because their terms are found to be reasonable." Similarly, "judicial construction is no longer needed in order for courts to render such agreements unenforceable.
... Under the new statute, judicial discretion in determining the reasonableness of the terms of noncompetition agreements has been drastically curtailed."
We emphasize the provisions of § 921 which we find pertinent to this action:
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
* * * * * *
C. Any ... employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
In order to be valid, a noncompetition agreement after the 1989 amendment must strictly comply with the requirements of the new statute. Comet Industries, Inc. v. Lawrence, 600 So.2d 85 (La.App. 2d Cir.), writ denied, 604 So.2d 1002 (1992); Cellular One, Inc., supra. The noncompetition provision in *1229 the AMCOM employment contract before us reads:
EMPLOYEE agrees and represents to AMCOM, ... that for a period of two (2) years following the termination of this Employment Agreement, ... EMPLOYEE will not, as principal, employer-stockholder, co-partner, employee or in any other individual or representative capacity whatsoever, enter into or engage directly or indirectly in the performances of any services for any other radio station or competitor of AMCOM located in Shreveport or Bossier City, Louisiana, or in Caddo or Bossier Parishes, Louisiana, or within a seventy-five (75) mile radius of Shreveport or Bossier City, Louisiana.
The 1989 amendment permitting a former employee to agree not to compete with his or her former employer within a statutorily specific area [one or more "specified ... parishes,... municipalities or parts thereof"] does not change the Louisiana public policy against such agreements nor enervate the requirement that such agreements be strictly and narrowly construed. First Page v. Network Paging Corp., 628 So.2d 130 (La.App. 4th Cir.1993), writ denied; Comet Industries, Inc., supra. See also Allied Bruce Terminix Companies v. Ferrier, 93-0561 (La.App. 1st Cir. 3/11/94) 634 So.2d 44; Medivision, Inc. v. Germer, 617 So.2d 69 (La.App. 4th Cir. 1993), writ denied; Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So.2d 222 (La. App. 5th Cir.1992), writ denied; Water Processing Tech., Inc. v. Ridgeway, 618 So.2d 533 (La.App. 4th Cir.1993).
Non-competition agreements which fail to specify the "parish or parishes, municipality or municipalities, or parts thereof wherein the employer carries on a similar business are unenforceable. Comet Industries, supra at 87.
Moreover, a "savings clause" stating that any provision in an employment agreement found excessively broad would be limited [or reduced] to what was permitted by applicable law does not allow a court to reform a noncompetition provision to the geographical area permitted by LRS 23:921. Comet Industries, supra, at 88.
To allow reformation of an invalid non-competition agreement would run counter to the requirement of strict and narrow construction of the statute, would allow ambiguous non-competition agreements and a degree of uncertainty as to the validity and scope of what an employee has agreed to, and would place courts in the business of either saving or writing a contract that is not generally favored in the law.
We agree with the trial court's factual finding that the geographical area encompassed within a 75-mile radius of Shreveport or Bossier City makes this employment agreement overly broad. The 75-mile radius, measured in whatever direction, will include in whole or in part, some parishes and municipalities in Louisiana (and perhaps in Texas or Arkansas) that are simply not "specified" in the employment contract as § 921 requires. We disagree, however, that either we or the trial court may rewrite the overly broad language, either by deleting or adding words to reform the agreement to limit it to a geographical area allowed by the statute. Reiterating the general prohibition against non-competition agreements, except as specifically provided in § 921, the legislature has declared that contracts by which anyone is restrained from exercising a lawful trade, except in the specified areas, "shall be null and void."
A 75-mile radius of Shreveport or Bossier City, measured in whatever direction will encompass wholly or partly many unspecified municipalities and parishes either in Louisiana or perhaps in neighboring states. The statute states that an employee may agree to a non-competition provision within specified parishes or municipalities or parts thereof so long as the employer carries on a like business in those specified parishes or municipalities. Our emphasis. We shall not reason or do as the plaintiff-employer urges in answer to the appeal, that is either to approve the 75-mile radius or to insert language into the contract specifying the parishes or municipalities which are wholly or partly within the geographical limits of a 75 mile radius measured from various points on the polygonal corporate boundary of either Shreveport or Bossier City, Louisiana.

*1230 DECREE
At the cost of the employer, the judgment is reversed and judgment is hereby rendered declaring the non-competition agreement null and void and rejecting the employer's demands.
REVERSED AND RENDERED.
HIGHTOWER, J., dissents with reasons.
HIGHTOWER, Judge, dissenting.
This sweeping reversal by the majority both unreasonably extends Comet, supra, and overshoots judicial interpretations in those two states providing the model for La.R.S. 23:921. Furthermore, if the statute's effect is to strike down appellant's agreement and thus countenance his immediate employment at another radio station within the same city (as the majority concludes), then it is highly unlikely that any noncompete covenant can ever be feasibly enforced in the broadcast industry, or in any other sizeable segment of Louisiana's economy. So too, it is extremely doubtful that such an emasculation of our noncompetition statute conforms to its legislative design.
Two broad grounds underlie my disagreement with the majority. First, even if we assume that the "seventy-five mile radius" language in the present contract offends La. R.S. 23:921, it does not logically or inevitably follow that the Comet holding precludes a court from striking that challenged terminology from the agreement.
The contract at issue in Comet, as there stated, sought to have any "excessively broad" language "limited and reduced to make it compatible with applicable law." Yet, inasmuch as Comet Industries conducted business in only a small portion of the designated noncompetition area (the entire continental United States), the court found that provision to be null and void. Deletion of the challenged verbiage obviously would have left the agreement with no territorial limitation. Thus, the company requested that the contract be judicially rewritten to encompass only those twenty-four parishes in which its sales transpired. Such reformation, however, as correctly now noted by the majority, is not favored by law.
By comparison, Battson's contract with Amcom states that "if any sentence, paragraph, clause, or combination of the same is in violation of the law in any state where applicable, such sentence, paragraph, clause, or combination of the same alone shall be void ..., and the remainder of such paragraph and this Agreement shall remain binding upon the parties hereto." (Emphasis added.) This provision, then, does not ask a court to reform, redraft, or create anew the agreement; rather, it seeks only to have the offending portion of the contract severed. And, unlike the Comet situation, this would render a contract with statutorily enforceable provisions. That is to say, after striking the provision that prohibits Battson from working for a competitor within a seventy-five mile radius, the contract still forbids such employment in "Shreveport or Bossier City, Louisiana, or in Caddo or Bossier Parishes, Louisiana."
In fact, the Comet opinion anticipated precisely such a situation in distinguishing that case from Buckeye Garment Rental Co. v. Jones, 276 F.Supp. 560 (E.D.La.1967). By means of a severability clause, the Buckeye court upheld portions of a certain paragraph of the noncompetition contract, despite the unenforceability of other parts of the same paragraph.
Although a contract may contain an illegal or immoral condition, it is not necessary that the entire agreement be declared null. Instead, the illegal or immoral provision annuls the contract only to the extent that the agreement depends upon it. Morse v. McDermott, 344 So.2d 1353 (La.1976), on rehearing, 344 So.2d 1363 (La.1976), citing Planiol, Civil Law Treatise, Part I, Nos. 288-295 (La. State Law Institute translation, 1959). Indeed, in analyzing the 1989 revision of La.R.S. 23:921, one commentator (the same writer approvingly cited by the majority) has suggested utilizing a "blue pencil" concept to strike unacceptable terminology and avoid the harsh result of nullifying an entire agreement. See Morgan, If at First You Don't Succeed: Louisiana's Latest Statutory Enactment Governing Agreements Not to Compete, 66 Tul.L.Rev. 551, fn. 120 (1991). Such an approach appears proper and equitable *1231 where, as in the case sub judice, the contract contains a severability clause (rather than a reformation clause) and the deletion of the challenged provision leaves an enforceable agreement (without a court actually having to redraft contractual provisions).
The present contract is not one, such as those against which the majority inveighs, purposely drafted by an employer expecting the court system to reform an ambiguous provision into the outer limits of the law. Instead, Amcom merely sought to prevent Battson from working for a competitor in the same geographical area where it conducts business.[1] Thus, even assuming that the statute proscribes a locational limitation stated in miles-radius terms, the trial court did not err in severing that language and enforcing the remainder of the contract.
Even so, and as the second general grounds for my disagreement with the present decision, I remain unconvinced that a miles-radius limitation is per se violative of La.R.S. 23:921. The statute provides that an employee may agree to refrain from competing with his former employer "within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein." Obviously, the enactment seeks (1) to limit a noncompetition contract to the territory in which the employer conducts his business and (2) to require adequate description of the area in order that the employee may intelligently discern the extent of the prohibition. Those two purposes, however, may well be achieved by using miles-radius language.
Granted, in some circumstances, such terminology will not be acceptable. A sales or service enterprise which operates in a relatively small community, for example, should not draw an extended miles-radius restriction in seeking to protect its relationship with a single distant customer. See Team Environmental Services, Inc. v. Addison, 2 F.3d 124 (5th Cir.1993). But where, as in the present case, the employer is a radio or television station, a radius delineation actually best describes the broadcast signal or business area. Similarly, despite La.R.S. 23:921 requiring that a covenant-not-to-compete be confined "within a specified parish or parishes, municipality or municipalities, or parts thereof," I do not read that provision to mandate a tedious parish-by-parish or city-by-city listing, so long as the restricted area is unmistakably designated. Indeed, in Team, supra, the federal Fifth Circuit carefully explained that "magic words" are not required; "[r]ather, consistent with Louisiana jurisprudence, we require a geographic term which substantially conforms to the statute by identifying with reasonable certainty those areas in which the employer lawfully may prohibit competition." (Emphasis added.) Id. at 127.
Even more significantly, none of the cases interpreting this provision state that a miles-radius restriction per se violates the statute. Instead, those contracts nullified due to insufficiently specific geographical limitations fall largely into three categories.[2] First, a failure to state any territorial restriction whatsoever clearly does not comply with the statute. Water Processing Technologies, Inc. v. Ridgeway, 618 So.2d 533 (La.App. 4th Cir.1993) (contract seeking to prohibit competition "in the State(s) of" found to be invalid); Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So.2d 222 (La.App. 5th Cir. 1992), writ denied, 610 So.2d 801 (La.1993) (refusing to enforce an agreement that contained no geographical limitation). Second, the statute distinctly requires that the area not extend beyond that in which the employer "carries on a like business." Comet, supra (contract unenforceable where it prohibits *1232 competition within the entire continental United States but business is conducted in only a twenty-four parish region); Team, supra (if enterprise extends over only thirteen parishes, employer cannot disallow competition over an entire 200-mile radius to protect one customer located 194 miles from company headquarters). Third, the area must be described sufficiently to allow an employee to discern readily the extent of the prohibition. Medivision, Inc. v. Germer, 617 So.2d 69 (La.App. 4th Cir.1993), writ denied, 619 So.2d 549 (La.1993) (refusing to sustain agreement restricting competition in the "greater New Orleans area" and within ten miles of even future clinic locations).
Very impressively too, miles-radius restrictions are accepted in the courts of Alabama and Florida, the two jurisdictions providing the model for our current version of La.R.S. 23:921.[3] For example, BJ of Leesburg, Inc. v. Coffman, 642 So.2d 83, 84 (Fla.App. 5 Dist.1994), both determined that a ten-mile radius did not refer to road mileage and, also, observed that:
[T]he use of the term "radius" is plain and unambiguous.... [it] is a common method used in describing areas within which non-competing operations may not be conducted and is capable of being calculated with precision.
In Booth v. WPMI Television, Co., Inc., 533 So.2d 209 (Ala.1988), the Alabama Supreme Court enforced a noncompete agreement prohibiting a salesman from working for another television station within a sixty-mile radius that corresponded to his former employer's broadcast signal. See also Nationwide Mut. Ins. Co. v. Cornutt, 907 F.2d 1085 (11th Cir.1990) (twenty-five mile radius acceptable under Alabama statute).
Of course, upon determining that the geographical limitation (defined by either miles-radius, a parish and city listing, or otherwise) conforms to the statute, a court may still consider the reasonableness of the entire noncompete agreement under the existing circumstances. Conceivably, such an inquiry may render unenforceable an otherwise statutorily valid contract. See generally Morgan, supra.[4] In the case sub judice, however, the seventy-five mile radius covers KRMD's broadcast area. Hence, I would find this to be a reasonable geographical limitation.
For these reasons, I respectfully dissent.
NOTES
[1] The trial court specifically found, as fact, that KRMD's radio signal covers an area equivalent to the contractual seventy-five-mile-radius provision. Consistent with that conclusion, and contrary to the majority's reading, the trial judge did not find that encompassed area to be "overly broad."
[2] The case of Francois Chiropractic Center v. Fidele, 630 So.2d 923 (La.App. 4th Cir.1993), does not lend itself to this classification. There, while refusing to enforce an agreement prohibiting competition within a ten-mile radius of the outer city limits of New Orleans, the fourth circuit failed to disclose its reasoning. Thus, it cannot be discerned whether the court concluded that the territorial limit breached the statute per se or, instead, described an area broader than that in which the chiropractic center conducted business.
[3] See Minutes of the Civil Law and Procedure Committee, La. House of Representatives, 15th Leg., Reg.Sess.1989, May 23, 1989; and Morgan, supra at 552. In language almost identical to La.R.S. 23:921, the Alabama code sanctions noncompetition agreements "within a specified county, city or part thereof." Ala.Code § 8-1-1 (1984). The Florida statute restricts such contracts to a reasonably limited time and area. Fla.Stat.Ann. § 542.33 (West Supp.1989).
[4] The majority, in inferring that determinations of reasonableness are no longer relevant, quotes heavily from Morgan's law review Comment. These quotations, when read in their proper context, however, do not support that proposition. See Morgan, supra at pp. 562, 563, 575. Instead, a determination of reasonableness remains germane in litigation concerning noncompete agreements, both in determining statutory compliance and later in examining the totality of the circumstances. Beyond that, it is also interesting to note, in the same Comment, the observation that "the overriding impetus for the passage of the new statute was a desire to correct the courts' overly restrictive treatment of noncompetition agreements[.]" Id. at p. 576.