675 So.2d 1181 (1996)
Janice KELLEY, Individually and as Administrator of the Estate Of her minor children, Jennifer Kelley and Margaret Kelley
v.
Akio KITAHAMA M.D., Douglas A. Haddow M.D. and Meadowcrest Hospital.
No. 96-CA-45.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1996.
Berry & Henry, John C. Henry, John A. Berry, River Ridge, for Appellant Janice Kelley.
Gregory Gilroy Gremillion, Gretna, for Appellee Meadowcrest Hospital.
*1182 Before CANNELLA and DALEY, JJ., and CHARLES V. CUSIMANO, II, J. Pro Tem.
CANNELLA, Judge.
In her medical malpractice case plaintiff, Janice Kelley (Kelley), appeals from a summary judgment granted by the trial court in favor of defendant, Meadowcrest Hospital (Meadowcrest). For the reasons which follow, we affirm the trial court judgment.
Kelley underwent surgery at Meadowcrest on December 3, 1992. The operating physician, Dr. Akio Kitahama, and the assisting physician, Dr. Douglas Haddow, were also named as defendants in this litigation. Prior to the surgery, on December 1, 1992, in Dr. Kitahama's office, Kelley signed a "Consent to Medical/Surgical Treatment" form, in which it was indicated that Dr. Kitahama was to perform a Nissen Fundoplication. This procedure was recommended and agreed to by Kelley to alleviate problems which she was having with esophageal reflux. Kelley contends that, during the surgical procedure performed by Dr. Kitahama, an esophageal dilation was performed, which was contrary to her wishes and instructions. Kelley contends that she was not informed that an esophageal dilation would be performed during her surgery and, had she been so informed, she would not have consented to the surgery. As a result of the procedure, she contends that she suffered several disabling complications which caused her to file suit against Drs. Kitahama and Haddow and Meadowcrest Hospital.
Concerning the liability of Meadowcrest, Kelley alleges that Meadowcrest breached its standard of care by failing to ensure that informed consent existed before allowing the surgical procedure to be performed at its facility.
In response to these allegations, Meadowcrest filed a Motion For Summary Judgment on June 8, 1995. In the motion, Meadowcrest first argues that the consent form which Kelley signed and which was included in her medical records evidenced that her consent was informed. Second, however, Meadowcrest argues that the issue of whether Kelley's consent was based on sufficient information needn't be resolved for the purposes of the Motion For Summary Judgment because its motion is grounded on the fact that Meadowcrest, which was not the employer of the physicians performing the surgery, has no duty to inform Kelley of the nature, purpose, procedures or risks, inherent in the operation that she was to undergo. Absent a duty, Meadowcrest cannot be held liable for any deficiencies in the information given to Kelley prior to obtaining her consent to the surgery.
Following a hearing on July 5, 1995, on Meadowcrest's Motion For Summary Judgment, the trial court ruled in favor of Meadowcrest and granted the summary judgment, dismissing Meadowcrest from the litigation. The trial court, in oral reasons given at the close of the hearing, found that there was no duty on the part of Meadowcrest to ensure that there was a valid consent form and that such was the responsibility of the surgeons alone. It is from this judgment which was rendered on July 5, 1995 and read and signed on July 24, 1995 that Kelley appeals.
On appeal, Kelley argues that the trial court erred in granting the summary judgment in favor of Meadowcrest by finding that there was no duty on the part of Meadowcrest to ensure that a valid consent was obtained. In support of her position, Kelley argues that once Meadowcrest undertook to verify, prior to surgery, that informed consent existed, then it breached its duty by erroneously indicating that valid consent existed, and allowing the surgery to proceed absent valid consent.
Meadowcrest argues to the contrary, that under La.R.S. 40:1299.40, it has no duty to secure a patient's informed consent. The duty to inform the patient of the risks of the surgery is expressly placed on "the physician or other health care provider who will actually perform the contemplated medical or surgical procedure." Further, Meadowcrest argues that they did not undertake the duty of determining whether the patient's consent, in each case, was legally given. Rather, as part of the pre-operation procedures, the hospital checks to make sure that there is a signed consent form in the patient's *1183 records. Such a consent form was in Kelley's record. Meadowcrest argues that it would be an impossible burden to require hospital personnel, prior to surgery, to determine whether the consent form signed by the patient and physician was legally sufficient in each case.
When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Noble v. Armstrong, 93-841 (La. App. 5th Cir. 3/16/94), 635 So.2d 1199. That is, the appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B). Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. All allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Schroeder, 591 So.2d at 345.
In this case, even considering the facts in the light most favorable to Kelley, we find that no genuine issue of material fact exists and Meadowcrest is entitled to judgment as a matter of law.
La.R.S. 40:1299.40, the uniform consent law, expressly requires that the medical professional actually performing the procedure provide the information necessary to obtain the patient's informed consent. Meadowcrest had no duty, as the hospital where the surgery was to be performed, to inform the patient of the risks of the surgery that was to be performed. Further, the surgeon was not an employee of Meadowcrest and, thus, there was no vicarious liability of Meadowcrest for the physician's alleged failure to adequately inform the patient of the risks of the surgery. Tabor v. Doctors Memorial Hospital, 563 So.2d 233 (La.1990).
While we agree with Kelley's argument that there are facts at issue in the case as to whether the surgeon verbally provided her with the required information regarding her surgery to which she consented, we do not find that those factual issues are sufficient to defeat the Meadowcrest motion for summary judgment. Those facts are not material to the question before us of whether Meadowcrest had a duty to insure informed consent before the surgery. Taking the facts in the light most favorable to Kelley, and assuming that she was not adequately informed prior to her consent to the surgery, we still find no liability in Meadowcrest for the alleged failure to adequately inform her.
Meadowcrest noted in its pre-operative records that a "valid consent" was contained in the records. The consent form was signed by Kelley, a physician and a witness. The form provided that she had been explained the advantages and disadvantages of the proposed procedure, as well as the risks of the procedure, and that all questions about the procedure had been answered in a satisfactory manner. Although line 3, concerning the nature and purpose of the procedure was left blank, we cannot find liability in Meadowcrest for any alleged deficiencies in the signed consent form.
Therefore, we find that Meadowcrest carried its burden of proving both that no genuine issue of material fact exists and it was entitled to judgment as a matter of law.
Accordingly, the trial court decision granting the Motion For Summary Judgment filed by Meadowcrest is affirmed. Costs of appeal are assessed to Kelley.
AFFIRMED.