748 So.2d 1225 (1999)
Donna Durr Stumpf, Wife of/and Stephen F. STUMPF
v.
Glenda Johnson RICHARDSON.
No. 99-CA-415.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 1999.
Terrel J. Broussard, Bryan & Jupiter, New Orleans, LA, for Defendant-Appellant.
Thomas F. Gardner, Douglas A. Kewley, Regel L. Bisso, Mary Ann Darr Wegmann, Gardner, Kewley & Bisso, Metairie, LA, for Plaintiff-Appellee.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr., and SUSAN M. CHEHARDY.
*1226 GRISBAUM, Judge.
Defendant-appellant, Dr. Glenda Johnson Richardson, appeals the trial court's judgment granting Stephen and Donna Stumpf's (plaintiffs-appellees) motion for summary judgment. We affirm. In addition, we find this appeal frivolous and remand this matter to the trial court for a determination of the appellees' costs and attorney's fees incurred in defending this appeal.

ISSUES
The ultimate issue presented is whether a genuine issue of material fact exists as to whether the agreement between plaintiffs and the defendant, in which the defendant contracted to purchase immovable property owned by the plaintiffs, should be enforced.

FACTS AND PROCEDURAL HISTORY
This appeal arises from an agreement between Stephen and Donna Stumpf (hereinafter the "Stumpfs") and Dr. Glenda Johnson Richardson (hereinafter "Dr. Richardson") wherein Dr. Richardson agreed to purchase from the Stumpfs immovable property, located at 43 Elmwood Drive in Destrehan, Louisiana, for $525,000.00. The purchase agreement contained the following conditions of sale: (1) that the lender appoints an appraiser; (2) that the lender's appraisal is returned for not less than $525,000.00; and (3) that the lender's appointed appraisal is completed before January 30, 1998. The initial agreement also contained a condition that the seller finance $75,000.00 of the purchase price at eight percent interest, and amortize the loan over thirty (30) years; however, this condition was later deleted at the request of Dr. Richardson.
First National Bank of Commerce (hereinafter "FNBC"), the lender, hired Bennet Oubre to perform the appraisal. Mr. Oubre appraised the property for the required $525,000, and submitted the appraisal to FNBC. FNBC then approved financing, and the sale was set to be completed. However, Dr. Richardson, after discovering that property in the same area had sold for substantially less than her contract price, hired her own appraiser, Jimmie Thorns, Jr. of Thorns Consultants, Incorporated. Mr. Thorns concluded that the property, as of March 7, 1999, had an estimated market value of $378,000.00. Dr. Richardson, because of this appraisal, concluded there was an error in the price, and refused to complete the sale.
Dr. Richardson contends that her obtaining financing was a condition to the contract, and that she was unable to obtain such. The contract, however, does not provide that the sale was contingent on Dr. Richardson obtaining financing. In addition, FNBC approved financing for the remainder of the price Dr. Richardson needed to purchase the house, $473,000.00, ($525,000.00$52, 000.00 deposit = $473,000.00) for which the house would provide collateral. On March 31, 1998, the scheduled day of the closing, Richardson telecopied a letter to the Stumpfs' agent stating that she was not willing to go forward with the sale. The Stumpfs then filed suit against Dr. Richardson, seeking a judgment against her for specific performance of the contract. Specific performance upon the purchaser's failure to comply with the contract is expressly provided for in the contract. On October 15, 1998, the trial judge entered judgment in favor of the Stumpfs, and ordered Dr. Richardson to comply with the contract. The trial judge granted Dr. Richardson a suspensive appeal; however, she failed to post the required bond timely. Accordingly, the trial judge recalled and vacated the conditional grant of the defendant's suspensive appeal, and granted a devolutive appeal. Because Dr. Richardson's appeal is not a suspensive appeal, she was required to comply with the judgment and purchase the Stumpfs' property.

LAW AND ANALYSIS
Our standard of review regarding summary judgment is well settled. See La. Code Civ. P. art. 966(B); Kelley v. Kitahama, 96-45 (La.App. 5th Cir. 5/15/96), 675 So.2d 1181, 1183, writ denied, 96-1555 *1227 (La.9/27/96), 679 So.2d 1352; Scott v. McDaniel, 96,1509 (La.App. 1st Cir. 5/9/97), 694 So.2d 1189, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991; Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir. 1987).
Our statutory law, in La. Civ.Code art. 2623, provides that:
An agreement whereby one party promises to sell and the other promises to buy a thing at a later time, or upon the happening of a condition, or upon performance of some obligation by either party, is a bilateral promise of sale or contract to sell. Such an agreement gives either party the right to demand specific performance.
A contract to sell must set forth the thing and the price, and meet the formal requirements of the sale it contemplates.
La. Civ.Code art. 2464 provides in pertinent part: "[t]he price must be fixed by the parties in a sum either certain or determinable through a method agreed by them." "A valid contract is the law between the parties." Conrad v. Doe, 95-518 (La.App. 5th Cir. 11/28/95), 665 So.2d 542, 546, writ denied, 95-3092 (La. 2/16/96), 667 So.2d 1058 (citing La. Civ.Code art.1918). La. Civ.Code art.2046 provides: "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."
Here, there is a valid contract to sell between the parties. The contract sets forth the thing and the price, and the conditions set forth in the contract have been fulfilled. In addition, the contract is free of vices which could invalidate it under Louisiana law. See La. Civ.Code arts. 1948-1965. The contract included a clause for specific performance providing that, if the purchaser failed to comply with the agreement within the time frame specified, the sellers had the right to declare the deposit forfeited, without formality beyond tender of title to the purchaser, or to demand specific performance. Accordingly, the purchaser's failure to comply with the contract as written entitles the sellers to specific performance.
The trial court found the conditions of the contract were met. Specifically, the lender appointed an appraiser, and the lender's appraiser completed an appraisal of the property for $525,000.00 by the date required, January 30, 1999. Based on this, the trial court granted summary judgment in favor of the Stumpfs as to their claim for specific performance of the contract and ordered Dr. Richardson to complete the sale. We agree.
Accordingly, since all conditions of the contract were met, and the contract included a provision for specific performance, we find no genuine issue of material fact exists. Ergo, the appellee is entitled to judgment as a matter of law.
The appellees contend that this is a frivolous appeal and seek damages under La.Code of Civ. P. art. 2164. An appeal is frivolous if it is taken solely for delay, fails to present a substantial legal question, or if counsel does not seriously believe in the position he is advocating. Champagne v. Hartford Casualty Ins. Group, 607 So.2d 752 (La.App. 1st Cir. 1992); Comet Indus., Inc. v. Lawrence, 600 So.2d 85 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1002 (La.1992). In addition, to warrant damages for a frivolous appeal, the position advanced on appeal must be so opposed to rational thinking that it is evident beyond any doubt that there are ulterior motives involved. Comet Indus, Inc., supra. We find that this appeal is frivolous. The appellant does not and never did have a valid case. She knowingly and intelligently entered into a valid contract to purchase immovable property. However, when she decided she no longer wanted to purchase the property for the agreed upon price, she tried to undermine the validity of the contract. Courts "cannot undermine a contract simply because it was a bad deal, or is believed to be, for one of the parties." City of Kenner v. Jumonville, 97-125 (La.App. 5 th Cir. 8/27/97), 701 So.2d 223, 228, writ *1228 denied, 97-2890 (La.1/30/98), 709 So.2d 718, cert. denied, 524 U.S. 953, 118 S.Ct. 2371, 141 L.Ed.2d 739 (1998). The appellant has caused the appellees to incur substantial attorney's fees, when she was well aware of the conditions of the contract she entered and that the conditions were fulfilled. When an appellant files an appeal from a judgment, in which a case never existed, the appeal is frivolous. Blake v. Mosquito Control Bd., 470 So.2d 193 (La. App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985). We believe the appellant never had a valid claim to rescind the contract she entered. Accordingly, we assess against the appellant all costs and reasonable attorney's fees which the appellees incurred in defending this appeal. Because the record does not contain sufficient evidence upon which to base such an award, we remand this matter to the trial court for a determination of those damages.
For the reasons assigned, we affirm the trial court's judgment. All costs of this appeal are assessed against the appellant. In addition, we award the appellees damages for the appellant's filing of this frivolous appeal and remand this matter for a determination of those damages.
AFFIRMED AND REMANDED.