762 So.2d 184 (2000)
TURNER PROFESSIONAL SERVICES, LTD.
v.
Patrick J. BROUSSARD and Professional Employee Leasing Company.
No. 99 CA 2838.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
Franklin J. Foil, Baton Rouge, for Defendant-Appellant Patrick J. Broussard.
Andre G. Bourgeois, Baton Rouge, for Defendants-Appellants Professional Employee Leasing Co. and Employer Resource Center, Inc.
Thomas E. Balhoff, Baton Rouge, for Plaintiff-Appellee Turner Professional Services, Ltd.
BEFORE: SHORTESS, C.J., FOGG and KLINE,[1] JJ.
SHORTESS, C.J.
Can a noncompetition and nonsolicitation agreement that derogates from the requirements of Louisiana Revised Statute 23:921(B) be enforced? In this case, the trial court reformed a geographically overbroad contract and enforced it. Defendants contend this was legal error.
Louisiana has consistently had a strong public policy against noncompetition contracts.[2] Before 1989, Revised Statute 23:921 provided that those agreements were null and unenforceable unless the employer had incurred significant expense in training the employee or advertising the business. In 1989, the legislature amended the statute to permit agreements prohibiting competition for up to two years *185 "within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein."[3] But the strong public policy against noncompetition agreements is still reflected in subsection (A)(1), which reads, "Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void."
In this case, Turner Professional Services, Ltd. (plaintiff) successfully enjoined Patrick J. Broussard, its former employee; and Professional Employee Leasing Company, Inc., and Employer Resource Center, Inc., Broussard's current employers, from competing with plaintiff and soliciting plaintiff's clients. The agreement at issue contains the following clause:
EMPLOYEE agrees that for two (2) years after the date of his Or her termination of employment with Turner Professional Services, Ltd ., EMPLOYEE shall refrain from carrying on or engaging in a business similar to that of Turner Professional Services, Ltd. [sic], and/or from soliciting customers of Turner Professional Services, Ltd., within the state of Louisiana, so long as Turner Professional Services, Ltd., carries on a like business in said areas.
(Emphasis added.) Although the contract clearly does not comply with the statute's mandate of specifying "parish or parishes, municipality or municipalities, or parts thereof," the trial court reformed the contract based on Broussard's testimony and enjoined him from soliciting or competing with plaintiff in nine specific parishes. The court also enjoined Broussard's current employers from disclosing any of plaintiff's trade secrets or confidential or proprietary information.
The trial court found that although the agreement "technically does not comply with the strict language of Louisiana R.S. 23:921," the contract would be enforced because "the spirit of 921[was] met ." Defendants contend the trial court erred in reforming the contract to make it comply with the statute.
Public policy requires that the provisions of noncompetition agreements be strictly construed in favor of the employee,[4] and the agreements must strictly comply with the requirements of the statute.[5] In the only case on this issue decided by the first circuit, we stated in Cellular One v. Boyd[6] that "noncompetition agreements which fail to specify the `parish or parishes, municipality or municipalities, or parts thereof' wherein the employer carried on a similar business are unenforceable."
Cases rendered in 1992 and 1993 by other circuits have held that such agreements with no territorial limits whatsoever,[7] with a territorial limitation of "anywhere within the continental United States,"[8] and with a territorial scope of the "greater New Orleans area"[9] were absolutely null. More recent cases, however, have allowed reformation of the contract under certain circumstances. In *186 1996 in Amcom v. Battson, the second circuit held that a noncompetition contract with a territorial scope of "within a seventy-five (75) mile radius of Shreveport or Bossier City" was geographically overbroad and could not be reformed, even though the contract contained a savings or severability clause.[10] The supreme court granted a writ and summarily reinstated the trial court judgment, which had reformed the contract.[11] In 1997, the fourth circuit, relying on the writ grant in Amcom and a severability clause in the contract before it, reformed a geographically overbroad contract.[12] In 1999 the third circuit went even further. In Petroleum Helicopters v. Untereker,[13] the court reformed a contract in which the parishes were not specifically identified by name but which were "identifiable," without reference to a severability clause.
In our opinion, Petroleum Helicopters goes too far, and we decline to follow it. Revised Statute 23:921(B) is an exception to Louisiana public policy against noncompetition agreements, and as such must be strictly construed. Simply complying with "the spirit of 921" is not sufficient. This contract fails to list the "parish or parishes, municipality or municipalities, or parts thereof" to which the agreement applies. The contract contains no severability or savings clause. We find the trial court committed legal error in reforming the contract and enforcing it as reformed. The injunction was wrongfully issued and must be reversed.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered dismissing plaintiff's suit, at its costs.
REVERSED AND RENDERED.
NOTES
[1] Honorable William F Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Orkin Exterminating Co. v. Foti, 302 So.2d 593, 596 (La.1974); Cellular One, Inc. v. Boyd, 94-1783, p. 4 (La.App. 1st Cir.3/3/95), 653 So.2d 30, 32, writ denied, 95-1367 (La.9/15/95), 660 So.2d 449.
[3] Acts 1989, No. 639, § 1.
[4] Petroleum Helicopters v. Untereker, 98-1816, p. 4 (La.App. 3d Cir.3/31/99), 731 So.2d 965, 967, writ denied, 99-1739 (La.8/5/99), 747 So.2d 40; Dixie Parking Serv. v. Hargrove, 96-1929, p. 8 (La.App. 4th Cir.3/26/97), 691 So.2d 1316, 1320.
[5] LaFourche Speech & Language Services v. Juckett, 94-1809, p. 3 (La.App. 1st Cir.3/3/95), 652 So.2d 679, 680, writ denied, 95-0850 (La.5/12/95), 654 So.2d 351; Dixie Parking, 96-1929 at 8, 691 So.2d at 1320; Comet Indus. v. Lawrence, 600 So.2d 85, 88 (La.App. 2d Cir.), writ denied, 604 So.2d 1002 (La. 1992).
[6] 94-1783 at 5, 653 So.2d at 33.
[7] Water Processing Techs. v. Ridgeway, 618 So.2d 533, 534 (La.App. 4th Cir.1993); Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So.2d 222, 224 (La.App. 5th Cir.1992), writ denied, 610 So.2d 801 (La.1993).
[8] Comet Indus., 600 So.2d at 87.
[9] Medivision, Inc. v. Germer, 617 So.2d 69, 72 (La.App. 4th Cir.), writ denied, 619 So.2d 549 (La.1993).
[10] 28,171 (La.App.2d Cir.1/5/96), 666 So.2d 1227, 1229.
[11] Amcom v. Battson, 96-0319 (La.3/29/96), 670 So.2d 1223.
[12] Dixie Parking, 96-1929, 691 So.2d 1316.
[13] 98-1816, 731 So.2d 965.