652 So.2d 679 (1995)
LAFOURCHE SPEECH & LANGUAGE SERVICES, INC.
v.
Susan JUCKETT.
No. 94 CA 1809.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
Writ Denied May 12, 1995.
Jerald P. Block, Thibodaux, for plaintiff/appellant, Lafourche Speech & Language Services, Inc.
Jefferson J. Moss, Jr., Lafayette, for defendant/appellee, Susan Juckett.
Before LeBLANC, PITCHER AND FITZSIMMONS, JJ.
LeBLANC, Judge.
This appeal is taken from a judgment dismissing plaintiff's suit upon an exception of no cause of action. Plaintiff, LaFourche Speech & Language Services, Inc. (LSLSI), filed the suit seeking injunctive relief to enforce a non-compete clause in an employment contract.
According to LSLSI's petition, it hired Susan Juckett as a speech therapist and entered into an employment contract with her on January 4, 1993. A copy of the employment contract was attached to LSLSI's petition. LSLSI further alleges that, after the termination of Juckett's employment on January 25, 1994, she either was preparing to or had already engaged in a business similar to LSLSI's business in violation of this contract's non-compete clause. LSLSI sought an injunction prohibiting Juckett "from engaging or carrying on a business similar to that of LSLSI ... for a period of two (2) years from the date of her employment termination." In its petition, LSLSI describes *680 itself as "a certified rehabilitation agency providing therapy services in the field of speech pathology, vocational rehabilitation, occupational therapy, physical therapy, and social work services."
In response to LSLSI's petition, Juckett filed a peremptory exception raising the objection of no cause of action. Juckett argued LSLSI's petition failed to state a cause of action because, as revealed by the attached contract, the non-compete clause failed to define LSLSI's business with sufficient specificity. It was Juckett's position that this fact rendered the non-compete agreement null and void. The trial court agreed, and rendered judgment sustaining the exception of no cause of action. LSLSI has now appealed, arguing the trial court erred in concluding a non-compete agreement must include a specific definition of the employer's business.

LAW
The peremptory exception of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. If a remedy is provided, the exception must be overruled. The exception is triable solely on the face of the petition and any attached documents. For purposes of the exception, all well-pleaded facts are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. White v. State, Dept. of Public Safety, 569 So.2d 1001, 1002 (La.App. 1st Cir.1990).
Non-compete agreements are not favored in Louisiana. Such agreements are deemed to be against public policy, except under the limited circumstances delineated by statute. La.R.S. 23:921 provides, in part:
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
* * * * * *
C. Any ... person who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
In order to be valid, a non-compete agreement must strictly comply with the requirements of this statute. Water Processing Tech. v. Ridgeway, 618 So.2d 533, 536 (La. App. 4th Cir.1993); Comet Industries, Inc. v. Lawrence, 600 So.2d 85, 87 (La.App. 2nd Cir.), writ denied, 604 So.2d 1002 (La.1992). Further, non-compete agreements are strictly construed in favor of the employee and against the party attempting enforcement. Water Processing Tech. v. Ridgeway, 618 So.2d at 536; Pelican Pub. Co. v. Wilson, 626 So.2d 721, 723 (La.App. 5th Cir.1993).

ANALYSIS
The employment contract at issue in the present case contained the following clause:
Upon the termination of this agreement, voluntary or otherwise, Employee [Juckett] shall, for a period of two (2) years from the date of termination, refrain from carrying on or engaging in a business similar to that of the employer [LSLSI] within the Parishes of Lafourche, Terrebonne, Assumption, St. James and St. Mary.
LSLSI argues this clause is valid under La. R.S. 23:921 C, which it maintains does not require a definition of the employer's business to be included in a non-compete agreement.
In Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So.2d 222, 224 (La.App. 5th Cir.1992), writ denied, 610 So.2d 801 (La. 1993), the Fifth Circuit concluded that La. R.S. 23:921 C does require non-compete agreements to specifically define the employer's business in the non-compete agreement. The court found the non-compete agreement at issue null and void because it contained an overly broad definition of the employer's business. Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So.2d at 224-225. The court's holding was based on the general policy disfavoring such agreements and the resulting *681 necessity for construing them strictly in the employee's favor.
We believe the Fifth Circuit's rationale in Daiquiri's III is well-founded. The present case illustrates the inherent problem created when the employer's business is not defined in the contract. The non-compete clause merely states that Juckett is prohibited from engaging in a business similar to that of LSLSI. The nature of LSLSI's business is not described anywhere in the contract. However, since LSLSI stated in its petition that it is a "rehabilitation agency providing therapy services in the field of speech pathology, vocational rehabilitation, occupational therapy, physical therapy, and social work services", acceptance of LSLSI's position would prohibit Juckett from employment in any of these areas, although she was hired by LSLSI specifically as a speech therapist.
Given the public policy involved and the requirement of strict construction, we conclude, as did the Fifth Circuit in Daiquiri's III, that in order to be valid a non-compete agreement must specifically define the employer's business. Thus, the agreement notto-compete in the present case is void as a matter of law since it contains no definition of LSLSI's business. The trial court did not err in concluding that LSLSI's petition failed to state a cause of action for injunctive relief.

DECREE
The judgment of the trial court sustaining defendant's exception of no cause of action and dismissing plaintiff's suit is affirmed. LSLSI is to pay all costs of this appeal.
AFFIRMED.
FITZSIMMONS, J., concurs in result only.