767 So.2d 763 (2000)
BATON ROUGE COMPUTER SALES, INC. d/b/a Computerland
v.
Laurie MILLER-CONRAD.
No. 99 CA 1200.
Court of Appeal of Louisiana, First Circuit.
May 23, 2000.
*764 Richard S. Derbes, Baton Rouge, Counsel for Plaintiff-Appellant.
Jill L. Craft, Baton Rouge, Counsel for Defendant-Appellee.
Before: DOUCET, C.J., DECUIR and PETERS, JJ.[*]
DECUIR, J.
Baton Rouge Computer Sales, Inc., d/b/a Computerland, filed suit against its former employee, Laurie Miller-Conrad, seeking to enforce the provisions of a non-competition agreement entered into by Computerland and Miller-Conrad. Miller-Conrad filed a peremptory exception of no cause of action in which she alleged the agreement was void as a matter of law because Computerland's business was not defined with sufficient specificity, her job duties were not described, and the agreement was not dated. The trial court maintained the exception and dismissed Computerland's suit. For the following reasons, we reverse and remand.
The non-competition agreement at issue herein was entered into by the parties on November 1, 1993. It provided that during her employment, and for a period of twelve months thereafter, Miller-Conrad would (1) refrain from carrying on or engaging in a business similar to that of Computerland, and (2) refrain from soliciting customers of Computerland for herself, or for any other person, within the Parishes of Ascension, East or West Baton Rouge, East or West Feliciana, Livingston, Iberville, and St. James. Miller-Conrad's employment with Computerland ended on September 15, 1998. This suit for an injunction and damages was filed on December 3, 1998. While the question of an injunction is no longer at issue because more than twelve months have passed since the termination of Miller-Conrad's employment, the question of damages remains viable if we find that Computerland has stated a cause of action upon which relief can be granted.
Non-competition agreements are governed by La.R.S. 23:921, which provides, in pertinent part:
* * * * * *
C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment....
* * * * * *
G. Any agreement covered by Subsections B, C, D, E, or F of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, and without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement.
Contrary to Miller-Conrad's primary contention on appeal that the agreement is void because Computerland's business is not defined therein, we find the law does not require in a non-competition agreement a specific definition of the employer's business. Louisiana jurisprudence supports this finding. In Henderson Implement Co. v. Langley, 97-1197 (La.App. 3 Cir. 2/4/98), 707 So.2d 482, the Third Circuit held that a non-competition agreement did not need to contain a definition of the employer's business to be enforceable. Similarly, in Scariano Bros., Inc. v. Sullivan, 98-1514 (La.App. 4 Cir. *765 9/16/98), 719 So.2d 131, writ denied, 98-2588 (La.11/6/98), 727 So.2d 452, the Fourth Circuit stated:
More important, Sullivan's seven year employment in a managerial capacity with Scariano certainly supports his knowledge of Scariano's business. The intent of the agreement is to prevent Sullivan from competing in the same business as Scariano. It is undisputed that Sullivan knows what that business entails.
719 So.2d at 135-136. Additionally, contractual language describing a plaintiff's business which tracked the statutory language of La.R.S. 23:921(C) was found to be adequate in Cellular One, Inc. v. Boyd, 94-1783, 94-1784 (La.App. 1 Cir. 3/3/95), 653 So.2d 30, writ denied, 95-1367 (La.9/15/95), 660 So.2d 449. See also Petroleum Helicopters, Inc. v. Untereker, 98-1816 (La.App. 3 Cir. 3/31/99), 731 So.2d 965, writ denied, 99-1739 (La.8/5/99), 747 So.2d 40.
Cases which have found non-competition agreements to be void based on the definition of the employer's business include LaFourche Speech & Language Services, Inc. v. Juckett, 94-1809 (La.App. 1 Cir. 3/3/95), 652 So.2d 679, writ denied, 95-0850 (La.5/12/95), 654 So.2d 351; Summit Inst. for Pulmonary Med. and Rehabilitation, Inc. v. Prouty, 29,829 (La.App. 2 Cir. 4/9/97), 691 So.2d 1384, writ denied, 97-1320 (La.9/26/97), 701 So.2d 983; and Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So.2d 222 (La.App. 5 Cir.1992), writ denied, 610 So.2d 801 (La.1993). In all of these cases, the business description either in the contract or in the plaintiff's petition was found to be overly broad. Hence, enforcement of the contracts in those cases would have restricted and prohibited the employees from engaging in many more types of employment than they actually held with the plaintiff-employers.
In the instant case, there is no suggestion in the non-competition agreement or in the pleadings that Computerland engages in any business other than computer sales. While the types of computer systems sold may be diverse, the business of selling them is not an activity subject to various descriptions or definitions. As Computerland points out in brief, its very name describes its business activity, Baton Rouge Computer Sales. There can be no doubt that Miller-Conrad knew exactly what type of business she was agreeing not to engage in when she signed the non-competition agreement. Accordingly, we find the non-competition agreement at issue herein to be valid.
In LaFourche Speech & Language, the court described the peremptory exception of no cause of action:
The peremptory exception of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. If a remedy is provided, the exception must be overruled. The exception is triable solely on the face of the petition and any attached documents. For purposes of the exception, all well-pleaded facts are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition.
652 So.2d at 680.
We find that the allegations of Computerland's petition, accepted as true for purposes of the peremptory exception, do afford a remedy to Computerland, as we have found that the contract, upon which the petition is based, is valid. Hence, it is necessary to reverse the trial court's ruling on the exception and remand for trial on the merits. Given this conclusion, we need not address Miller-Conrad's request for frivolous appeal damages.

DECREE
The judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to the defendant, Laurie Miller-Conrad.
REVERSED AND REMANDED.
NOTES
[*] Sitting pro tempore by appointment of the Supreme Court of Louisiana.