CALLOWAY, J.
I ^Defendant, Paradigm Health System, L.L.C. (Paradigm), appeals a judgment denying preliminary injunctive relief, based upon the trial court’s determination that the noncompetition provisions of Paradigm’s employment agreement with Barry Faust, M.D. were invalid and unenforceable. For the reasons stated herein, we affirm.
FACTS AND PROCEDURAL HISTORY
Paradigm filed a declaratory judgment, petition for damages, and a request for injunctive relief against Dr. Faust, claiming that he breached the noncompetition clause of an employment agreement between the parties. In June of 2014, Paradigm and Dr. Faust entered into an employment agreement, which stated that for two years after termination of the employment, Dr. Faust could not, “engage in the practice of medicine or render any medical services to any business similar to those services provided by [Paradigm]....” Paradigm claims that Dr. Faust resigned his employment on April 23, 2015. At the time Paradigm filed the petition on October 16, 2015, Paradigm claimed that Dr. Faust was actively seeking employment in the *1071 parishes restricted by the noncompetition agreement, St. Tammany, Tangipahoa, and/or the restricted portions of Jefferson Parish. Paradigm sought injunctive relief to prevent Dr. Faust from violating the noncompetition agreement, as well as damages and a declaratory judgment declaring the restrictive covenants in the employment agreement to be valid and enforceable.
In response, Dr. Faust denied that he resigned his employment, claimed he was terminated by Paradigm on April 21, 2015, and filed a reconventional demand asserting a claim for past wages. Dr. Faust filed a supplemental and amending reconven-tional demand claiming Paradigm breached the employment agreement |sby terminating him before he had worked for one year, and he also sought penalties and attorney's fees.
The trial court held a hearing on the injunctive relief sought by Paradigm on March 8, 2015. The trial court heard oral argument and continued the matter for the parties to complete discovery. On May 17, 2015, the trial court heard the continuation of the request for injunctive relief.[2] The noncompetition agreement prohibited Dr. Faust from the following:
[Ejngage in the practice of medicine or render any medical services to any business similar to those services provided by [Paradigm], located in the Louisiana Parishes of St. Tammany, Jefferson (exception of city of Kenner, and West-bank) and Tangipahoa. The list of parishes and locations shall be expanded if the Company opens new offices in additional locales in which case [this section] shall apply to .the new [Paradigm] offices. Violation of this provision shall result in liquidated damages' of $400,000.
The trial court determined that the language of the noncompetition agreement was overly broad, since it restricted Dr. Faust from the “practice of medicine” without being limited to his field of pain management. The trial court also found that the noncompetition agreement was overly broad and unenforceable because it attempted to add “locales” where Paradigm might open offices in the future to the geographic limitation. The trial court denied the request for preliminary injunc-tive relief.
The trial court signed a judgment on June 13, 2016, denying the preliminary injunctive relief, and Paradigm filed this appeal. This court issued a rule to show cause, as the judgment appeared to be a partial judgment and did not appear to address all the claims Paradigm had against Dr. Faust. Pursuant to that order, the trial eourt signed an amended judgment on October 25, 2016, designating the judgment as a final judgment pursuant to La. C.C.P. art. 1915(B) and. issuing a per curiam giving explicit reasons as to the designation, as requested by this court. l/Fhe rule to show cause issued by this court was referred to this panel. We maintain this appeal.[3]
*1072 ERRORS
While Paradigm assigns four assignments of errors, we find that these can be consolidated into the following errors by the trial court: (1) by finding the noncom-petition clause to be overly broad and not in compliance with La. R.S. 23:921(C); (2) by finding the noncompetition clause to violate the geographic requirements of La. R.S. 23:921(0); and (3) by finding that certain clauses could not be severed from the noncompetition clause, and thereby refusing to reform the employment agreement.
LAW AND DISCUSSION
Historically, Louisiana has disfavored noncompetition agreements. SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La. 6/29/01), 808 So.2d 294, 298. Such agreements are deemed to be against public policy, except under the limited circumstances delineated by statute.[4] J4H, L.L.C. v. Derouen, 2010-0319 (La.App. 1 Cir. 9/10/10), 49 So.3d 10, 13. At all times pertinent to this matter, La. R.S. 23:921 provided, in part, as follows:
A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, | fiwhich meets the exceptions as provided in this Section, shall be enforceable.
C. Any person ... may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
Louisiana Revised Statute 23:921(C) is an exception to Louisiana’s public policy against noncompetition agreements and, as such, must be strictly construed. J4H, 49 So.3d at 14. Thus, to be valid, a noncompetition agreement may limit competition only in a business similar to that of the employer, in a specified geographic area and for up to two years from termination of employment. Cellular One, Inc. v. Boyd, 1994-1783 (La.App. 1 Cir. 3/3/95), 653 So.2d 30, 33, writ denied, 1995-1367 (La. 9/15/95), 660 So.2d 449. If the action sought to be enjoined pursuant to a noncompetition agreement does not fall within the statutory exception of La. R.S. 23:921(C), or the agreement does not conform to the statutory requirements, then the party seeking enforcement cannot prove it is entitled to the relief sought. Vartech Systems, Inc. v. Hayden, 2005-2499 (La.App. 1 Cir. 12/20/06), 951 So.2d 247, 255-56.
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. However, in the event an employ *1073 ee enters into an agreement with his employer not to compete, pursuant to La. R.S. 23:921, and fails to perform his obligation under such an agreement, the court shall order injunctive relief even without a showing of irreparable harm, upon proof by the employer of the employee’s breach of the noncompetition agreement. See La. R.S. 23:921(H); Vartech Systems, 951 So.2d at 255.
lfiIn determining whether the employer has met his burden of proof, the courts have been called on to consider the validity and enforceability of the agreement sought to be enforced by the employer. Where the actions sought to be enjoined pursuant to a noncompetition agreement do not fall within the exception found in La. R.S. 23:921(C) or where the noncompetition agreement is found to be unenforceable for failure to conform to La. R.S. 23:921, the employer is unable to establish that it is entitled to the relief sought. Vartech Systems, 951 So.2d at 255-56.
Typically, a trial court enjoys considerable discretion in determining whether a preliminary injunction is warranted, and the issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. Vartech Systems, 951 So.2d at 256. However, the underlying issue in this case is whether the noncompetition agreement falls within the exception found in La. R.S. 23:921(C). The proper interpretation of a statute is a question of law that we review de novo. J4H, 49 So.3d at 14.
In the present matter, Paradigm employed Dr. Faust in the field of anesthesia and interventional pain management. The noncompetition agreement sought to prohibit Dr. Faust from engaging “in the practice of medicine” or rendering “any medical services to any business similar to those services provided by [Paradigm].” Nowhere does the employment agreement define the services provided by Paradigm. At the hearing, the trial court orally expressed his misgivings with the noncom-petition clause, stating that it prevented Dr. Faust from the “practice of medicine,” but Paradigm argued the doctor understood the restriction to be “pain management.” The trial court stated, “But the agreement says he was hired as a physician to provide interventional pain management services, and the noncompete clause says that he cannot provide any medical 17services.” Based on this distinction in the language used, the trial court found the noncompetition clause to be overly broad and unenforceable.
Noncompetition agreements are strictly construed in favor of the employee and against the party attempting enforcement. Noncompetition clauses that contain overly broad definitions of the employer’s business violate La. R.S. 23:921(C) and are null and void. It is not sufficient to merely prohibit an employee from engaging in a business similar to the employee. La-Fourche Speech & Language Servs., Inc. v. Juckett, 1994-1809 (La.App. 1 Cir. 3/3/95), 652 So.2d 679, 680-81, writ denied, 1995-0850 (La. 5/12/95), 654 So.2d 351. Furthermore, an “employer is only entitled to keep ex-employees from competing with the employer’s actual business, not some overblown contractual definition of business designed to cover the proverbial waterfront and keep ex-employees from being able to make a living in any segment of the ex-employer’s industry.” Vartech Systems, 951 So.2d at 259 n.15.
In LaFourche Speech, this court noted that the employment agreement did not define the employer’s business, but the petition stated that the employer was a “rehabilitation agency providing therapy services in the field of speech pathology, vocational rehabilitation, occupational therapy, physical therapy, and social work ser *1074 vices.” 652 So.2d at 681. However, the employee was only hired as a speech- therapist. Finding that the employee was restricted to-a similar business of her employer would have restricted her from more than that which she was hired. LaFourche Speech, 652 So.2d at 681;
The noncompetition agreement in this matter prevents Dr. Faust from the “practice of medicine” without' limitation. The words of'a contract must be given their generally prevailing meaning. La. C.C. art. 2047. Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. Lá. C.C. art, 2048. 'Each provision in a contract must |sbe interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.- La.- C.C. art. 2050. As argued by Dr. Faust’s attorney at the hearing, the noncompetition agreement as written prohibits Dr. Faust from practicing any medicine, such as in anesthesiology, as a hospitalist, or as an emergency room physician. It would also prevent him from. practicing medicine as a general practitioner or from performing health insurance physical examinations.
Paradigm argued at the hearing that the language “practice of medicine” was limited by the next clause that prevented Dr. Faust from rendering “any medical services to any business similar to those services provided by [Paradigm].” Paradigm argues that La. R.S. 23:921 does not require a noncompetition agreement to contain a specific definition of an employer’s business. Paradigm relies on Baton Rouge Computer Sales, Inc. v. Miller-Conrad, 1999-1200 (La.App. 1 Cir. 5/28/00), 767 So.2d 763, 764, which stated that the law did not require a noncompetition agreement to contain a specific definition of the employer’s business. There, the noncom-petition agreement prohibited the employee from engaging in a business similar to the employer. However, the employer’s only business in that case was computer sales. In that situation, the court held that the employee knew she was agreeing not to- engage in computer - sales when she signed the noncompetition agreement. Baton Rouge Computer Sales, 767 So.2d at 764-65.
We find the present case to be more similar to the cases Baton Rouge Computer Sales distinguished as follows:
. Cases which have found [noncompetition] agreements to be void based on the definition of the employer’s business include [LaFourche Speech]; Summit Inst. for Pulmonary Med. and Rehabilitation, Inc. v. Prouty, 29,829 (La.App. 2 Cir. 4/9/97), 691 So.2d 1384, writ denied, 97-1320 (La. 9/26/97), 701 So.2d 983; and Daiquiri’s III on Bourbon, Ltd. v. Wandfluh, 608 So.2d 222 (La. App. 5 Cir. 1992), writ denied, 610 So.2d 801 (La. 1993). In all of these Leases, the business description either in the contract or in the plaintiffs petition was found to be overly broad. Hence, enforcement of the contracts in those cases would have restricted and prohibited the employees from engaging in many more types of employment than they actually held with the plaintiff-employers. .
767 So.2d at 765 (emphasis added). The employment agreement in this case restricts Dr. Faust from engaging in many more types of employment than he actually held with Paradigm.
Paradigm also relies on Cellular One, which held that a contract that prevented the defendants from “engaging in a radio telephone service business similar to that of Cellular One, Inc.” adequately defined the business from which the defendants were prohibited from competing and com *1075 plied with La. R.S. 23:921(0). 653 So.2d at 33.
We do not find that Cellular One stands for the proposition that using language stating that an employee is prevented from engaging in a business similar to an employer is always in compliance with La. R.S. 23:921(C). In the present case, the field of medicine contains a wide array of practices and specialties. Dr. Faust was hired to conduct services in “interventional pain management.” Although the employment agreement notes that Dr. Faust is licensed and qualified in the fields of anesthesia and interventional pain management, it does not appear from the record that Paradigm hired him in the field of anesthesia. Therefore, the noncompetition agreement which attempted to prevent Dr. Faust from engaging in the “practice of medicine” or rendering “any medical services to any business similar to those services provided by [Paradigm]” is overly broad and unenforceable.
Paradigm also relies on Cardiovascular Institute of the South v. Abel, 2014-1268 (La.App. 1 Cir. 3/9/15)(unpublished), wherein a preliminary injunction was enforced against a physician who had signed a noncompetition agreement. |inHowever, in Cardiovascular Institute of the South, the noncompetition agreement was specifically limited to the sub-specialty of cardiology, unlike the present case wherein the noncompetition agreement is not limited to any sub-specialty at all.
Paradigm maintains that to the extent any portion of the noncompetition clause is found to be unenforceable, such portion should be reformed to the extent necessary to be legally enforceable to the fullest extent permitted by law, pursuant to the severability clause of the employment agreement. • The severability clause provides:
It is intended- that each paragraph of this Agreement shall be viewed as separate and divisible, -and in the event- that any word, clause, sentence, paragraph, part or provision shall be held to be invalid, illegal, or unenforceable and shall not affect, prejudice or disturb the validity of the remainder of this Agreement, which shall be in full force and effect, and enforceable in accordance its terms.
Paradigm argues that even if the trial court found that prohibiting Dr. Faust from engaging in the “practice of medicine” was overly broad, the remainder of the clause prohibiting him from rendering “any medical services to any business similar to those services provided by [Paradigm]” should have been enforced.
In the present case, both the prohibition from the “practice of - medicine” and the prohibition from rendering “any medical services to any business similar to those services provided by [Paradigm]” are overly broad. Once the offending portions of the noncompetition clause are stricken, there is no language in the agreement that can be construed to prohibit the conduct of which Paradigm- complains. See SWAT 24, 808 So.2d at 309.
A review of the trial court’s comments during the hearing reveal that the trial court found both of the clauses relied upon by Paradigm to be overly broad. As to the prohibition from rendering “any medical services to any business similar to those services provided by [Paradigm],” it appears that neither the clause itself, nor any other provision in the contract, defines Paradigm’s business or the services |nit provides. Notably, the contract’s preamble only states that paradigm provides “certain medical services.” So, as the clause reads, Dr. Faust is prohibited from rendering any medical services to any business similar to Paradigm, but the prohibit *1076 ed ■ services cannot be gleaned from the contract, because the contract does not define what Paradigm’s business is. As we agree with the trial court, the noncompetition clause in this case does not comply with La. R.S. 23:921(0) and the entirety of it is invalid and unenforceable.
Because we have found the noncompetition clause in the employment agreement to be invalid and unenforceable due to the overly broad language, and that it may not be reformed, the issue of the geographic limitations is moot.
CONCLUSION
For the above and foregoing reasons, the trial court’s October 13, 2016 judgment denying Paradigm Health System, L.L.C.’s Petition for Injunctive Relief ‘is hereby affirmed. Costs of this appeal are assessed against plaintiff, Paradigm Health System, L.L.C.
APPEAL MAINTAINED; AFFIRMED.
McDonald, J. concurs.
Pettigreen, J. concurs.

. On this same date, the trial court also heard and denied Paradigm’s motion for summary judgment on Dr. Faust's wage claim, which is not a subject of this appeal.

. Paradigm's petition for injunctive relief contains several other causes of action besides injunctive relief. Those causes of action were not heard by the trial court at the time of the evidentiary hearing for the preliminary injunction. The judgment denying the preliminary injunction was not originally designated by the trial court as final or appealable pursuant to La. C.C.P, art. 1915(B). However, an appeal may be taken as a matter of right, pursuant to La, C.C.P. art. 3612(B). See Progressive Waste Solutions of LA, Inc. v. Math-erne, 2014-0380 (La.App. 1 Cir. 11/12/14)(unpublished); Gulf Industries v. Boylan, 2013-1640 (La.App. 1 Cir. 6/6/14)(unpublished). In any event, the trial court amended the judg *1072 ment and designated it as final pursuant to La, C.C.P. art. 1915(B).

. Louisiana’s strong public policy restricting these types of agreements is premised on an underlying state objective to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden. Kimball v. Anesthesia Specialists of Baton Rouge, Inc., 2000-1954 (La.App. 1 Cir. 9/28/01), 809 So.2d 405, 410, writs denied, 2001-3316 & 2001-3355 (La. 3/8/02), 811 So.2d 886 & 886.