STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0192

SAVARD LABOR & MARINE, INC.

VERSUS

GLO RESOURCES, LLC, JERITH NAQUIN, RALPH FRAZIER, JUAN
HERRADOR, KARIN SOSA, AND BRITTANY TROULLIER

**Judgment Rendered: NOV 0 6 2020**

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C686664

Honorable R. Michael Caldwell, Judge Presiding

* * * * * *

Julie M. McCall
Connell L. Archey
Baton Rouge, LA

Counsel for Plaintiff/Appellee
Savard Labor & Marine, Inc.


John B. Dunlap, III
Jennifer A. Fiore
Baton Rouge, LA

Counsel for Defendants/Appellants
Glo Resources, LLC, Jerith Naquin,
Ralph Frazier, Juan Herrador, Karin
Sosa, and Brittany Troullier


* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J. Dissents in part and assigns reasons,

**GUIDRY, J.**

The defendants appeal from a trial court judgment granting a preliminary injunction in favor of their former employer. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This suit arises from non-competition and non-solicitation provisions of an employment agreement. The individual defendants herein, Jerith Naquin, Ralph Frazier, Juan Herrador, Karin Sosa, and Brittany Troullier, were formerly employed by Savard Labor and Marine, Inc. (Savard),[1] the plaintiff herein. According to Savard, while employed with the company, each defendant signed an employment agreement. After leaving his or her employment with Savard, each defendant then violated that agreement.[2]

On August 13, 2019, Savard filed a petition for preliminary injunction, permanent injunction, and damages against the defendants.[3] The petition alleged that Naquin formed Glo Resources, LLC in competition with Savard and was engaged in the business of providing temporary and contract labor in East Baton Rouge. The petition also alleged that Frazier, Herrador, Sosa, and Troullier, who after leaving their employment with Savard and becoming employed by Glo Resources, engaged in business activities expressly prohibited by their employment agreements with Savard. Consequently, Savard prayed the defendants be enjoined from competing with Savard, from soliciting its customers, and from disclosing, converting, and using confidential information.

---

[1] Savard is owned by Jill Savard.

[2] Naquin left employment with Savard in April 2019; he formed Glo Resources, LLC in March 2019. Ralph Frazier and Juan Herrador left Savard's employment in June 2019 and began working for Glo Resources in July 2019. Karin Sosa both left Savard's employment and started work at Glo Resources in August 2019. Brittany Troullier left Savard's employment in April 2019 and started work at Glo Resources in August 2019.

[3] Glo Resources, LLC was also named as a defendant.

The defendants generally denied the allegations of Savard's petition, and opposed Savard's request for injunctive relief on several grounds. Naquin claimed he never signed an employment agreement. All the defendants asserted that the non-competition provisions within the employment agreement were invalid, non-binding, and unenforceable. Specifically, they claimed that the non-competition clause contained an overly broad description of Savard's business, contained an overly broad geographical restriction, and that as former employees, they were not in breach of the non-competition or non-solicitation provisions of their respective employment agreements.

After a hearing and taking the matter under advisement, the trial court granted Savard's request for preliminary injunction.[4] The trial court enjoined Naquin, Frazier, Sosa, Troullier, and Herrador from engaging in the following activities in Savard's protected areas until two years after the date of his or her termination of employment with Savard: carrying on or engaging in the business of providing temporary and contract labor, soliciting any of Savard's customers, and doing business with any competitors of Savard. Additionally, the trial court enjoined the defendants from soliciting and hiring employees of Savard, and disclosing, converting and/or using confidential and/or proprietary information and trade secrets of Savard. The judgment in favor of Savard was signed on September 20, 2019. It is from this judgment that the defendants have appealed.

## ASSIGNMENTS OF ERROR

1. The trial court erred in holding that Savard met the burden of proof for a preliminary injunction by finding that the non-competition clause in the employment agreements at issue adequately defines Savard's business when Savard's definition of its business is overly broad and fails to comply with La. R.S. 23:921 and the jurisprudential precedents interpreting the statute.

---

[4] A separate hearing was held in which the trial court issued oral reasons.

3

2. The trial court erred in holding that Savard met the burden of proof for a preliminary injunction by finding that Jerith Naquin had an employment agreement with Savard when two different unsigned versions of such agreement were in evidence before the court and the credibility of the alleged witness to the agreement was impeached.

## DISCUSSION

Louisiana law on non-competition agreements is codified under La. R.S. 23:921.[5] The statute nullifies non-competition agreements, except as expressly provided for in the sub-parts of the statute; in the event the exceptions are met, the non-competition agreement shall be enforceable. See La. R.S. 23:921(A)(1). The exceptions, which allow employers and employees to confect non-competition agreements, are outlined in La. R.S. 23:921(C), which permits an employee to agree with his employer to refrain from engaging in a business similar to the employer's business and/or soliciting the employer's customers for a period not to exceed two years from the employee's termination date.[6] For the purposes of La. R.S. 23:921(C), La. R.S. 23:921(D) explains that a "person who becomes employed by a competing business, regardless of whether or not that person is an owner ..., may be deemed to be carrying on or engaging in a business similar to that of the party having a contractual right to prevent that person from competing." In the event of a breach, La. R.S. 23:921(H) allows for specific performance, damages, and injunctive relief to enforce the terms of the non-competition agreement. Smith v. Commercial Flooring Gulf Coast, L.L.C., 19-0502 at *4 (La. App. 4th Cir. 10/9/19), ___ So. 3d ___.

---

[5] Louisiana Revised Statutes 23:921 has been amended by Acts 2020, No. 345. However, in this opinion, we conduct our review under the version of the Act in effect as of August 1, 2015.

[6] Louisiana Revised Statutes 23:921(C) states, in relevant part, the following:

> Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

4

Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. However, in the event an employee enters into an agreement with his employer not to compete, pursuant to La. R.S. 23:921, and fails to perform his obligation under such an agreement, the court shall order injunctive relief even without a showing of irreparable harm, upon proof by the employer of the employee's breach of the non-competition agreement. Paradigm Health System, L.L.C. v. Faust, 16-1276, p. 5 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1068, 1072-73; Vartech Systems, Inc. v. Hayden, 05-2499, p. 7 (La. App. 1st Cir. 12/20/06), 951 So. 2d 247, 255.

In determining whether the employer has met his burden of proof, the courts have been called on to consider the validity and enforceability of the agreement sought to be enforced by the employer. Where the actions sought to be enjoined pursuant to a non-competition agreement do not fall within the exception found in La. R.S. 23:921(C) or where the non-competition agreement is found to be unenforceable for failure to conform to La. R.S. 23:921, the employer is unable to establish that it is entitled to the relief sought. Paradigm Health System, L.L.C., 16-1276 at p. 6, 218 So. 3d at 1073.

The trial court enjoys considerable discretion in determining whether a preliminary injunction is warranted, and the issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. Paradigm Health System, L.L.C., 16-1276 at p. 6, 218 So. 3d at 1073. However, the proper interpretation of a statute is a question of law that we review on a *de novo* basis. J4H, L.L.C. v. Derouen, 10-0319, p. 7 (La. App. 1st Cir. 9/10/10), 49 So. 3d 10, 14.

In the case before us, the defendants argue that the definition of Savard's business as contained in the non-competition clause of the employment agreement is overly broad, and thus, that the agreement is invalid. The business of Savard is defined in the employment agreement as follows: "[C]ompany and its affiliated entities ("Affiliates") are engaged in the business of providing temporary and contract labor to various businesses (the "Business")." The employment agreement further provides, in pertinent part:

> 6.1 Non-Competition. Team Member agrees that during Team Member's Employment and for a period of two (2) years immediately following the termination of the Employment for any reason, with or without cause (the "Restricted Period"), *Team Member will not carry on or engage in, directly or indirectly, the Business in any Protected Area* (defined below), so long as Company carries on the Business therein, except for benefit of Company. Team Member further agrees that Team Member will not, during the Restricted Period, become employed by or consult with any entity or individual that engages in the Business, or any part thereof, in any portion of the Protected Area.
>
> 6.2 Non-Solicitation of Customers of Company. Team Member agrees that, during the Restricted Period, Team Member will not, in the Protected Area, solicit, suggest, induce, or encourage any customer (defined below) either to cease doing Business with Company or to do Business with any competitor of Company, in the Protected Area, so long as company carries on the Business therein.

(Emphasis added.)

In asserting that the employment agreement is overly broad, the defendants herein rely in part on Paradigm Health System, L.L.C., 16-1276 at p. 8, 218 So. 3d at 1074, where this court found that the employment agreement restricted a doctor from engaging in many more types of employment than he actually performed for the employer. However, in cases which have found the non-competition agreement to be overly broad based on the definition of the employer's business, the business description either in the contract or in the plaintiff's petition would have restricted and prohibited the employee from engaging in many more types of employment than he or she actually held with the employer. Paradigm Health

6

System, L.L.C., 16-1276 at p. 8, 218 So.3d 1074. Unlike the case in Paradigm Health System, L.L.C., the present employment agreement does not restrict the defendants from engaging in employment beyond the scope of the employer's business. Rather, we find the case herein is more like this court's decision in Cellular One, Inc. v. Bond, 94-1783 (La. App. 1st Cir. 3/3/95), 653 So. 2d 30, writ denied, 95-1367 (La. 9/15/95), 660 So. 2d 449. In Cellular One, Inc., this court found that the non-competition agreement between the plaintiff and two of its prior employees met the requirements of La. R.S. 23:921(C), noting that the language used in the agreement to define the plaintiff's business tracked the statutory language of La. R.S. 23:921(C) and that the language adequately defined "the business from which the defendants are prohibited from competing." Cellular One, Inc., 94-1783 at 6, 653 So. 2d at 33.

The law does not require a specific definition of the employer's business in a non-competition agreement. Baton Rouge Computer Sales, Inc. v. Miller-Conrad, 99-1200, p. 3 (La. App. 1st Cir. 5/23/00), 767 So. 2d 763, 764.[7] Notwithstanding, it is our opinion that defendant Naquin, who formed Glo Resources, and who now employs the remaining defendants, knew exactly what type of business activities were prohibited, based on Savard's employment agreement. Naquin's eight-year employment in a managerial capacity with Savard, and nearly three-years of employment as the "right hand" to Savard, certainly supports his knowledge of Savard's business.[8] Moreover, Naquin's express testimony establishes that Glo

---

[7] However, if the agreement contains a definition of the employer's business, it cannot be overly broad, such that it prevents former employees from engaging in more activities than were performed for the former employer. Vartech Systems, 05-2499 at p. 12, 951 So. 2d at 259.

[8] Savard employed Naquin as a Branch Manager, starting in March 2011, and in 2016 promoted him to Chief Operations Officer. The remaining defendants were employed in the following positions with Savard: Ralph Frazier, Safety Manager; Juan Herrador, Branch Manager; Karin Sosa, Call Center Tech and Payroll Floater; Brittany Troullier, Office Manager and Sales Representative.

Resources competes with Savard, as during his testimony, Naquin stipulated to soliciting Savard's customers.[9]

As stated at trial by Savard regarding the business, "We supply skilled and unskilled personnel in multiple types of industries making sure that the employees arrive on their sites as specified, handling any screening requirements, safety considerations, claim management following any incidents, payroll." Savard further explained that she was not aware of providing temporary and contract labor without also providing "all things human resources."

In Vartech Systems, 05-2499 at p. 12, 951 So. 2d at 259, n.15, we held that an employer is only entitled to keep ex-employees from competing with the employer's actual business. In the instant case, there is no suggestion in the employment agreement or in the pleadings that Savard attempted to improperly restrain its former employees from engaging in a broader spectrum of business than Savard itself actually performed. As defined in the employment agreement and apparently understood by Naquin, as well as the other defendants, Savard provides labor services to various businesses. Admittedly, Glo Resources does the same.

In this matter, it is our finding that the employment agreements properly limit the defendants from competing with Savard. We thus conclude that the agreements are valid and enforceable, meeting the exceptions provided for in La. R.S. 23:921(C) and (D). We find no merit in this assignment of error.

The second assignment of error calls on us to address a factual determination of the trial court as Naquin contends that the trial court erred in holding that Savard met its burden of proof for a preliminary injunction by finding that Naquin signed

---

[9] Naquin also stated in his testimony that Glo Resources provides permanent placement services and third party administrative services, and that Ralph Frazier provided third party administrative services for Savard. According to Naquin, Glo Resources distinguishes itself from Savard by providing "permanent" placement services rather than "temporary" or "contract" placement services.

the employment agreement. Naquin argued that there were two versions of the employment agreement and that the credibility of the witness to the agreement was impeached.[10]

We have reviewed the entire record in this matter and particularly the trial court's reasons for judgment. At the hearing on September 12, 2019, wherein oral reasons were delivered, the trial court stated, "Attachments to the petition can be considered by the court, but the one that was offered into evidence is what's in evidence." The trial court found Naquin signed the employment agreement that had the less restrictive geographical limitations and was offered into evidence as Exhibit 7. The trial court further noted:

> The circumstantial evidence that was presented consisted of the emails that were introduced as Exhibit 8. They clearly show that in 2016 Ms. Savard and her HR employee were doing their best to get Mr. Naquin in to sign his employment agreement. He came forth with no evidence in the way of emails or anything else showing that he ever raised an objection to signing the agreement or that he did not sign the agreement. ... Ms. Kusch says that he came in and signed it in her presence. ... There are supporting circumstantial evidence for that. This court concludes that Mr. Naquin did, in fact, execute an employment agreement containing the same language as all the others in 2016.

A court of appeal may not set aside a trial court or a jury finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Department of Transportation and Development, 617 So. 2d 880, 882 (La. 4/12/93). Our review of the record does not support a conclusion that the factual findings of the trial court were manifestly erroneous or clearly wrong. This assignment of error lacks merit.

## CONCLUSION

Mindful of the burden of proof at the preliminary injunction hearing and the standard of review by which this court considers the correctness of the trial court's

---

[10] A different version of the employment agreement was attached to the petition.

judgment, we cannot disagree with the finding of the trial court that Savard met its burden of establishing a prima facie showing that it would prevail at a trial on the merits. For the above and foregoing reasons, the trial court's September 20, 2019 judgment granting Savard Labor and Marine, Inc.'s petition for injunctive relief is hereby affirmed. All costs of this appeal are assessed to the defendants/appellants, Jerith Naquin, Ralph Frazier, Juan Herrador, Karin Sosa, and Brittany Troullier.

**AFFIRMED.**

SAVARD LABOR & MARINE, INC.

VERSUS

GLO RESOURCES, LLC, JERITH NAQUIN, RALPH FRAZIER, JUAN HERRADOR, KARIN SOSA, AND BRITTANY TROULLIER

*************************************************

McClendon, J., dissenting in part.

I agree with the majority's determination that the employment agreements in this matter are valid and enforceable. However, I disagree with the majority's failure to find that the trial court manifestly erred when it determined that Jerith Naquin signed an employment agreement.

The emails introduced in this matter evidenced an attempt to have Mr. Naquin sign an agreement. However, there were no emails establishing that Mr. Naquin actually signed the employment agreement. Moreover, Robyn Kusch first swore in an affidavit, attached to the petition filed by Savard Labor & Marine, Inc., that the unsigned copy of the employment agreement, attached thereto, was a correct copy of the one signed by Mr. Naquin. However, Ms. Kusch later testified that a different version of the agreement was the one she witnessed Mr. Naquin sign. Further, calling into question Ms. Kusch's credibility was the fact that Mr. Naquin's agreement was the only employment agreement in the company's history that was not scanned and saved in the computer system. Incredulously, testimony was elicited that the original signed agreement was stolen from a file cabinet in an office normally kept locked. Finally, Ms. Kusch, who was the only witness to Mr. Naquin's signing of the employment agreement, admitted to previously lying on behalf of her former employer and creating false certificates of insurance. While any one of these factors alone may be insufficient for the trial court to conclude that Naquin did not sign the agreement, when considered together, I am compelled to find that the trial court was clearly wrong when it found

that Mr. Naquin signed an employment agreement prior to leaving Savard Labor &
Marine, Inc.

Therefore, I respectfully dissent in part.