## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2020 CA 0798

### H & E EQUIPMENT SERVICES, INC.

### VERSUS

### BENJAMIN KLEINPETER

*DATE OF JUDGMENT:*    **APR** 2 6 2021

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
DOCKET NUMBER 694598, SECTION 22, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE TIMOTHY E. KELLEY, JUDGE

\* \* \* \* \* \*

Brent B. Barriere
Loretta G. Mince
Jeanette A. Donnelly
William L. Mizell
New Orleans, Louisiana

Counsel for Plaintiff-Appellant
H & E Equipment Services, Inc.


Eric J. Simonson
New Orleans, Louisiana

Counsel for Defendant-Appellee
Benjamin Kleinpeter

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: AFFIRMED.

Whipple, C.J. concurs for reasons assigned.
JEW Welch J. dissents and assigns reasons.

**CHUTZ, J.**

Plaintiff-appellant, H&E Equipment Services, Inc. (H&E), appeals the denial of its motion for preliminary injunction to enforce the terms of a non-competition and non-solicitation agreement. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

H&E is in the business of selling, renting, maintaining, and servicing construction and heavy industrial equipment. On September 12, 2017, Benjamin Kleinpeter began work for H&E as a Rental Manager in Baton Rouge. As a condition of his employment, he signed a confidentiality, non-competition, and non-solicitation agreement (the Agreement). In pertinent part, the Agreement prohibited Kleinpeter for a period of twelve months immediately following his termination from: working for a competitor; soliciting business from or calling upon any entity that was a customer of H&E at any time during Kleinpeter's employment; and discussing the employment of or soliciting any employee to leave H&E's employment. Under the Agreement, these activities were prohibited in a restricted area of thirteen listed parishes, which included Iberville Parish. The Agreement provided H&E was entitled to obtain injunctive relief if Kleinpeter violated its terms.

H&E terminated Kleinpeter's employment on April 26, 2019. Approximately three months later, on August 5, 2019, Kleinpeter began work for EquipmentShare as the General Manager of its Iberville Parish location. EquipmentShare is a competitor of H&E.

On March 3, 2020, H&E filed a petition alleging Kleinpeter was in breach of the Agreement and seeking injunctive relief to enforce its terms. H&E alleged Kleinpeter had violated the Agreement by working for a competitor, soliciting a customer of H&E, and soliciting a former employee of H&E to leave his employment. That same day, the district court signed a TRO enjoining Kleinpeter

2

from violating the Agreement and ordering him to show cause on March 17, 2020, why a preliminary injunction should not be issued. After Kleinpeter was served with the TRO on March 6, 2020, EquipmentShare transferred him to work at its Lake Charles facility, which is situated in Calcasieu Parish. Calcasieu Parish is not one of the parishes located in the restricted area.

Due to the situation arising from the threat of COVID-19, the March 17, 2020 hearing on H&E's request for a preliminary injunction was reassigned during a status conference.[1] The district court subsequently informed the parties that he would handle the motion for a preliminary injunction on briefs, without a hearing. The parties each submitted briefs with attachments, including affidavits. After taking the matter under advisement, the district court signed a judgment on June 3, 2020, denying H&E's motion for preliminary injunction and dismissing it, with prejudice. The district court found the Agreement was vague and ambiguous and concluded that while it established which parishes H&E was doing business in when Kleinpeter began his employment, it was unclear from the evidence which parishes H&E was doing business in when Kleinpeter's employment was terminated.

H&E has now appealed, arguing in two assignments of error that the district court erred in finding the Agreement was not enforceable and in denying its motion for preliminary injunction.

## DISCUSSION

H&E argues the district court misapplied the law and ignored the evidence in concluding it was unclear which parishes H&E conducted business in at the time of

---

[1] On March 11, 2020, Governor John Bel Edwards issued Proclamation Number 25 JBE 2020 declaring a statewide public health emergency in the State of Louisiana due to the threat posed by COVID-19. Shortly thereafter, on March 16, 2020, the Louisiana Supreme Court issued an Order continuing "all civil trials, hearings and court appearances set for any date between the date of this Order and March 27, 2020." Certain types of proceedings were exempted from the Supreme Court's Order, but the instant matter was not among the types of proceedings so designated.

Kleinpeter's termination. It maintains the evidence is "uncontroverted" that it conducted business in each of the thirteen parishes listed in the Agreement.

Louisiana strongly disfavors non-competition agreements. Such agreements are deemed to be against public policy, except under the limited circumstances delineated by statute. *Paradigm Health System, L.L.C. v. Faust*, 16-1276 (La. App. 1st Cir. 4/12/17), 218 So.3d 1068, 1072; *Vartech Systems, Inc. v. Hayden*, 05-2499 (La. App. 1st Cir. 12/20/06), 951 So.2d 247, 254. Louisiana Revised Statutes 23:921 provides, in pertinent part, as follows:

> A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.
>
> ...
>
> C. Any person ... may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

To be valid under La. R.S. 23:921(C), a non-competition agreement may limit competition only in a business similar to that of the employer, *in a specified geographic area wherein the employer carries on a like business*, for up to two years from termination of employment. La. R.S. 23:921(C);[2] see *Paradigm Health System, L.L.C.*, 218 So.3d at 1072. Moreover, because non-competition agreements are in derogation of common right, they must be strictly construed against the party seeking their enforcement. *Kimball v. Anesthesia Specialists of Baton Rouge, Inc.*, 00-1954 (La. App. 1st Cir. 9/28/01), 809 So.2d 405, 410, writs denied, 01-3316, 01-3355 (La. 3/8/02), 811 So.2d 883 & 886.

---

[2] The requirements of La. R.S. 23:921 apply to non-solicitation agreements, as well as to non-competition agreements. *Vartech Systems, Inc.*, 951 So.2d at 260.

Although a party seeking a preliminary injunction generally must show irreparable injury will result if the injunction does not issue, there is no necessity of showing irreparable harm in cases involving alleged violations of a non-competition agreements. If an employee enters into a non-competition agreement with his employer pursuant to La. R.S. 23:921, the court *shall* order injunctive relief enforcing the agreement's terms upon proof by the employer of the employee's breach of the non-competition agreement, without the necessity of showing irreparable harm. See La. R.S. 23:921(H); *Paradigm Health System, L.L.C.*, 218 So.3d at 1072-73. However, while La. R.S. 23:921(H) mandates the court to issue injunctive relief upon proof of the employee's failure to perform, the employer must still establish it is entitled to relief. *J4H, L.L.C. v. Derouen*, 10-0319 (La. App. 1st Cir. 9/10/10), 49 So.3d 10, 14; *Vartech Systems, Inc.*, 951 So.2d at 255.

A district court enjoys considerable discretion in determining whether a preliminary injunction is warranted, and the court's determination will not be disturbed on appeal absent a clear abuse of discretion. However, the underlying issue in this case is whether the non-competition agreement falls within the exception found in La. R.S. 23:921(C). The proper interpretation of a statute is a question of law that we review *de novo*. *Paradigm Health System, L.L.C.*, 218 So.3d at 1073.

In the instant matter, our review of the evidence submitted by both parties in light of the applicable law reveals H&E's motion for preliminary injunction was properly denied. One of the requirements of a non-competition agreement is that the employee's activities be restricted only in a specified geographic area where the employer "carries on a like business." La. R.S. 23:921(C). Under the Agreement, Kleinpeter was prohibited from competing with H&E or soliciting its customers within the restricted area of thirteen listed parishes for twelve months immediately

following his termination on April 26, 2019. The evidence establishes Kleinpeter worked for a competitor of H&E in Iberville Parish, which is one of the parishes listed in the Agreement, from August 5, 2019 to March 6, 2020.

The Agreement acknowledges H&E was carrying on business in Iberville Parish at the time the Agreement was executed on September 12, 2017, the first day of Kleinpeter's employment. Additionally, H&E presented the affidavit of John Engquist, Jr., the Executive Vice President of H&E, dated April 21, 2020, in which he deposed that H&E "conducts its Business" in each of the parishes listed in the Agreement, including Iberville Parish. Through this evidence, H&E proved it was doing business in the listed parishes on the date Kleinpeter began working for H&E (September 12, 2017), as well as on the date Engquist executed his affidavit (April 21, 2020). However, no evidence was presented to prove H&E was carrying on a like business in Iberville Parish during the relevant period during which Kleinpeter worked for EquipmentShare in Iberville Parish, i.e., August 5, 2019 to March 6, 2020. Considering that non-competition agreements must be strictly construed against the employer, we find the acknowledgement in the Agreement that H&E was carrying on business in the restricted area on September 12, 2017 does not relieve H&E from the requirement of proving it was carrying on a like business at the pertinent time immediately following Kleinpeter's termination. Because the evidence[3] it submitted was insufficient to meet this requirement, H&E failed to establish it was entitled to a preliminary injunction.

---

[3] On appeal, Kleinpeter argues for the first time that the district court erred in considering H&E's submissions as evidence because they were not formally introduced into evidence, but were merely attached to H&E's supporting memoranda. We note Kleinpeter failed to object to the submissions attached to H&E memoranda after the district court instructed the parties that it would handle the matter on briefs, without a hearing. Additionally, Kleinpeter attached multiple affidavits to his own memorandum. In any event, we need not resolve this issue since, even considering H&E's submissions, we agree with the district court that H&E failed to establish it was entitled to a preliminary injunction.

## CONCLUSION

For these reasons, the judgment of the district court denying and dismissing, with prejudice, H&E's motion for preliminary injunction is affirmed. All costs of this appeal are assessed to H&E.

**AFFIRMED.**

| H & E EQUIPMENT SERVICES, INC. | STATE OF LOUISIANA |
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| BENJAMIN KLEINPETER | 2020 CA 0798 |

**WHIPPLE, C.J., concurring.**

While I find that the evidence submitted establishes Kleinpeter clearly violated both the non-competition and non-solicitation provisions of the contractual agreement of the parties by his actions in soliciting business from a customer and an employee of H & E's business, and further, by failing to give H & E the required written notice before accepting subsequent employment in a parish where H & E conducted business, I am constrained to nonetheless conclude that the trial court's ruling, refusing to grant a preliminary injunction herein, is legally correct.

As noted by H & E, Kleinpeter never disputed in the proceedings below that H & E conducted business in the thirteen-parish restricted area. Instead, he contended he was either orally or tacitly released (by H & E's inaction), neither of which contention is supported by the record. However, I am constrained to find that the trial court's ruling is legally correct, given the ambiguity in Section 2(d) of the agreement regarding the calculation of the contractual non-compete time period and the failure of the agreement to clearly state the triggering event for extending the specified time period.

Of additional concern is the provision in the last sentence that "[i]n no event shall this [s]ection ... apply for more than twenty-four (24) months immediately following the termination of . . . employment." Arguably, this provision alone may render the instant request for injunctive relief moot, given the lapse of time before the filing of the action and the customary deadlines and delays inherent in appeals to this court and the Supreme Court. In this case, it is doubtful that any judgment rendered by this court or the Supreme Court in favor of H & E would acquire the

status of an adjudication to finality before April 26, 2021, the admitted two-year anniversary of Kleinpeter's termination from H & E, after which any right to enforce apparently expires by the terms of the agreement.

As the majority opinion notes, non-compete agreements are disfavored and must be strictly construed. Moreover, any ambiguity must be resolved against enforcement of such agreements. For all of these reasons, I am unable to find legal error in the judgment before us.

| H & E EQUIPMENT SERVICES, INC. | STATE OF LOUISIANA |
|---|---|
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| BENJAMIN KLEINPETER | NO. 2020 CA 0798 |

_JEW_

**WELCH, J., dissenting.**

I respectfully disagree with the majority's opinion in this matter and would reverse the trial court's judgment denying and dismissing H&E's motion for preliminary injunction, and remand.

The preliminary injunction should have been granted. The record is clear that when the defendant, Kleinpeter, began employment with plaintiff, H&E, on September 12, 2017, he signed a valid, non-competition and non-solicitation agreement (the "Agreement") that met all the requirements of La. R.S. 23:921(C). Kleinpeter agreed not to work for a competitor or solicit H&E customers or employees. The Agreement was limited to a thirteen-parish geographic area. No party to this matter contests that when the Agreement was signed on September 12, 2017, H&E carried on business within the specified thirteen parishes. The Agreement further specified that its term was for one year from the date of the employee's termination, and based upon a breach of the Agreement by the employee, the one-year term could be extended for a period not to exceed two years from the date of the employee's termination.

The evidence is undisputed that H&E terminated Kleinpeter on April 26, 2019. Kleinpeter breached the Agreement by going to work for one of H&E's competitors, EquipmentShare, on August 5, 2019, as a general manger of its St. Gabriel office in Iberville Parish, which is one of the thirteen restricted parishes listed in the Agreement wherein Kleinpeter agreed not to compete or solicit. Kleinpeter continued to work for H&E's competitor EquipmentShare in Iberville

Parish until March 5, 2020, when he was transferred to another region outside of the Agreement's thirteen restricted parishes.

The majority—while acknowledging Kleinpeter's breach of the agreement, and despite finding that H&E carried on business in the thirteen restricted parishes, including Iberville Parish, when the Agreement was signed—finds that since H&E failed to present evidence that H&E was carrying on business in Iberville Parish from August 5, 2019 through March 5, 2020, the time period of Kleinpeter's breach, H&E is not entitled to injunctive relief. The majority reasons—based on the language of La. R.S. 23:921(C), "carries on a like business"—that in order for H&E to get a preliminary injunction, it had to show not only that it was carrying on a "like business" in Iberville Parish at the inception of the Agreement, but also that it was carrying on a "like business" in Iberville Parish during the time that Kleinpeter breached the Agreement. I believe this is where the majority errs. There is no requirement found in La. R.S. 23:921(C) requiring an employer to prove that it does business in the entire, restricted geographic area for the total duration of a non-compete agreement: from the signing of a non-compete agreement through the end of such agreement's terms.

The trial court and the majority discounted Section 2(b) of the Agreement, wherein Kleinpeter acknowledged and agreed that H&E was carrying on or engaging in business in the Parishes and Counties listed in the restricted area:

> For purposes of the Agreement, the term "Restricted Area" shall mean those Parishes and Counties set forth in Attachment A, attached and made a part hereof. <u>Employee agrees that Company is carrying on or engaging in business in the Parishes and Counties listed Attachment A.</u>
> [Emphasis added]

Here, a *prima facie* showing for injunctive relief was made upon proof that H&E was doing business in the entire, restricted geographic area when the Agreement was signed on September 12, 2017. Kleinpeter agreed that H&E was

2

carrying on business in Iberville Parish. Further, the affidavit of John Engquist, Jr., H&E's Executive Vice-President, established that at the time injunctive relief was requested, H&E was doing business in the thirteen restricted parishes, including Iberville Parish. His affidavit, dated April 21, 2020, is clear on this point.

Similarly, in **Vartech Sys., Inc. v. Hayden**, 2005-2499 (La. App. 1ˢᵗ Cir. 12/20/06), 951 So. 2d 247, this court was faced with a non-competition agreement containing a geographical restriction encompassing all sixty-four parishes of Louisiana. The defendants claimed that Vartech only did business in East Baton Rouge Parish; therefore, the restricted area was overly broad. See **Vartech Sys., Inc.**, 951 So. 2d at 258. This court found, however, that the defendants failed to offer proof to show the non-competition agreement was not valid and upheld the geographical limitations contained therein. See **Vartech Sys., Inc.**, 951 So. 2d at 258. Here the defendant, Kleinpeter, never contested that H&E was not doing business in the restricted area. Nor did Kleinpeter offer evidence that H&E was not doing business in the restricted area at the time of his breach of the Agreement. The trial court and the majority wrongly place the burden on the plaintiff, H&E, to prove that it was doing business in Iberville Parish during the time of Kleinpeter's breach of the Agreement. I believe this is error.

In the instant case, Kleinpeter also complained that Section 2(d) of the Agreement was ambiguous, and therefore, the entire Agreement was invalid. I disagree that Section 2(d) of the Agreement is ambiguous and vague. However, Kleinpeter's argument is mooted by the fact that like the non-competition agreement in **Vartech Sys., Inc.**, the Agreement at issue contains a "savings clause," which allows courts to sever invalid provisions, without doing undue damage to the remainder of the Agreement. See **Vartech Sys., Inc.**, 951 So. 2d at 256-57. See also, *e.g.*, **AMCOM of Louisiana, Inc. v. Battson**, 96-0319 (La. 3/29/96), 670 So. 2d 1223. Therefore, the court could sever Section 2(d), making Section 2(a)—

3

restricting competition and solicitation for one year immediately following the termination of Kleinpeter's employment—the term of the Agreement. However, severing Section 2(d) of the Agreement is of no import because Kleinpeter's breach occurred within one year of his termination by H&E on April 26, 2019, when he went to work for H&E's competitor, EquipmentShare, in Iberville Parish on August 5, 2019. Kleinpeter's breach clearly occurred within the one-year term set forth in Section 2(a) of the Agreement.

For these reasons, I believe that the preliminary injunction should have been granted and now this matter should be remanded to the trial court for a determination of damages. I respectfully dissent.